NEW YORK LIFE INS. CO. v. BIDOGGIA
et al.

(District Court, D. Idaho, N. D.    July 28,
1926.)

No. 941.

1. **Husband and wife** ☞49½(7)—**Husband,
paying premiums, held to have no interest
in life policy taken by his wife before mar-
riage in favor of her parents; premiums be-
ing presumed gifts to wife.**

That a husband paid premiums on a life
insurance policy taken by his wife before mar-
riage in favor of her parents gives him no
right to the proceeds of the policy, the pay-
ments being presumptively a gift to the wife.

2. **Insurance** ☞585(1)—**On death of insured,
rights of beneficiary become absolute.**

On the death of an insured, the contingent
right of the beneficiaries named in a life policy
becomes absolute.

In Equity. Interpleader suit by the New
York Life Insurance Company against Mar-
tin Bidoggia, Maria A. Bidoggia, and Frank
P. Eynon. Judgment for Martin and Maria
A. Bidoggia.

See, also, 15 F.(2d) 126.

J. H. Forney, of Moscow, Idaho, and T.
F. Cook, for plaintiff.

Mathonihah Thomas, of Long Beach, Cal.,
for defendant Eynon.

Ezra R. Whitla, of Cœur d'Alene, Idaho,
for defendants Bidoggia.

DIETRICH, District Judge. This is an
action in interpleader, brought by the New
York Life Insurance Company, under the
provisions of the Act of February 22, 1917,
as amended February 25, 1925 (43 Stat. 976;
1925 Supp. Fed. Stat. p. 98 [Comp. St. §§
991a–991c]), against Frank P. Eynon, the
surviving husband, and Martin Bidoggia and
Maria A. Bidoggia, the surviving parents, of
Anna L. Eynon (formerly Anna L. Bidog-
gia), deceased, to have adjudicated the con-
flicting claims of defendants to the proceeds
of a life insurance policy for $1,000 issued
by plaintiff.

[1] The policy became effective on the 2d
day of January, 1920, and was issued to
Anna L. Bidoggia, the insured, who was then
an unmarried woman, in favor of Maria A.
and Martin Bidoggia, her parents, who are
named in the policy as beneficiaries. Sub-
sequently the insured married defendant
Eynon, and thereafter, on the 28th of June,
1925, she died intestate, in the state of Cali-
fornia. Having possession of the policy, the
beneficiaries made due proofs of death; but,
because of an adverse claim asserted by
Eynon, the company declined to pay them,
and they brought suit in one of the state

courts, in Idaho, where they reside. Where-
upon the company instituted this proceeding
for its protection against the conflicting
claims. Both Eynon and the Bidoggias ap-
peared and filed answers, traversing some
of the averments of the complaint, and affirm-
atively pleading opposing claims to the $1,-
000. Plaintiff has no interest, other than to
be protected against double payment. The
Bidoggias move for judgment on the plead-
ings.

Such right, if any, as Eynon has, is pred-
icated upon the alleged fact that after he
married the insured he paid the premiums
upon the policy as they accrued. The al-
legation is denied by the Bidoggias, but for
the purposes of the motion it must be as-
sumed to be true. At law Eynon has no
standing; the policy does not run to him,
nor was it made for his benefit. In equity,
his position would seem to be little less than
shocking. An unmarried daughter, presum-
ably out of affection for her parents and for
their protection, takes out a life insurance
policy, naming them as sole beneficiaries.
She delivers the policy to them, and at first
she herself, and thereafter through her hus-
band, she pays the accruing premiums. She
makes no change in the beneficiaries, and dies
presumably in the belief that her purpose
will be carried out, and her parents will get
the protection she provided for them. Her
husband then seeks to defeat her wishes and
appropriate the money to his own use. The
only case put forward in support of such
a proposition is New York Life Insurance
Co. v. Bank of Italy, 60 Cal. App. 602, 214
P. 61, and under the facts it is not in point.
If citations to the contrary were necessary,
reference could be made to Succession of Ver-
neuille, 45 So. 520; Succession of Adonis
Le Blanc, 142 La. 27, 76 So. 223, L. R. A.
1917F, page 1137; Martin v. McAllister, 94
Tex. 567, 63 S. W. 624, 56 L. R. A. 585;
Voss v. Conn. Life Ins. Co., 119 Mich. 161,
77 N. W. 697, 44 L. R. A. 689.

[2] When the policy was taken out the in-
sured was a single woman; it became her
separate property, and continued to have
that status after her marriage. Of what ma-
teriality is it that Eynon paid premiums? He
knew that the policy belonged to his wife,
and knew that it was payable to her father
and mother. Whether he used his separate
funds, or community funds, he had the power
to make a gift to his wife of either, and with
her consent to make a like gift to her par-
ents. If, under the circumstances, he so
paid the premiums, he must be presumed to
have intended the payment to be a gift. And

besides, upon the death of the insured, no other beneficiaries having been named, the contingent right of the parents became vested and absolute. The insurance company was then bound to pay in accordance with the terms of its contract.

Judgment for the Bidoggias. Their counsel will prepare the form.