409 P.2d 102

**Edith (Acre) KOENIG, Plaintiff-Appellant,**

**v.**

**Charlotte BISHOP, Defendant-Respondent.**

**No. 9344.**

Supreme Court of Idaho.

Dec. 24, 1965.

C. J. Hamilton, Coeur d'Alene, for appellant.

McNaughton & Sanderson, Coeur d'Alene, for respondent.

McQUADE, Chief Justice.

In October 1953 Edith Koenig, plaintiff-appellant herein, married Lyman E. Acre. Approximately a year prior to the marriage, Acre, as an employee, acquired a group life insurance policy which named himself as the insured and the defendant-respondent, a daughter, the issue of a previous marriage, as the beneficiary. From the time of the policy's inception until Acre's death in 1959, the premiums, amounting to about $4.00 a month, were paid partly by deductions from Acre's wages and partly by contributions of his employer. Shortly after Acre's death, respondent applied for and received the face amount of the policy.

This action was instituted by appellant to recover those funds. Appellant contends that because the premiums were paid with community funds, the policy and the value thereof belonged to the community of herself and Acre and that as survivor of the community, she was entitled to the same.

The trial court entered judgment against the appellant and in favor of the respondent. From that judgment the appellant appeals.

Appellant testified that she never made an objection to Acre concerning his payments of the premiums for the policy and in fact had never discussed the subject with him.

The trial court found that:

"* * * prior to the marriage of the plaintiff and said decedent, the plaintiff obtained knowledge of the existence of said life insurance coverage and of the fact that the defendant was the named beneficiary thereof, and again shortly after the marriage of said parties * * * the plaintiff was again reminded of the existence of said insurance policy and of said beneficiary designation."

There was substantial, competent evidence in the record to support this finding.

In 1956 the appellant and Acre executed a property settlement wherein they agreed "to make a full settlement of all their property rights and obligations, past, present and future." Thereafter the appellant commenced a divorce action against Acre. However, they became reconciled and the divorce action was dismissed. They then lived as husband and wife until Acre's death in 1959. This court has recently held, in a prior action between the appellant and the administrator of Acre's estate, that the property settlement agreement executed by the appellant and Acre survived their reconciliation and was valid and not terminated by the parties. Acre v. Koenig, 89 Idaho 342, 404 P.2d 621 (1965).

Although the property settlement does not mention specifically the insurance policy in question, it contains a provision whereby:

"9. Each party hereto, in consideration of the covenants contained herein, hereby releases the other from any and all property claims, property obligations and property demands now due or which may become due by reason of the marital relations existing between them, except as are established by this agreement, it being the intention of the parties, *both having a full understanding of their property and property rights,* to make a full and final adjustment concerning their property interests and claims by this agreement." (Emphasis added)

On the trial of this action, below, the district court found:

"That by reason of plaintiff's knowledge of the existence of making and entering into said property settlement agreement and by reason of said agreement and particularly Paragraph 9 [quoted above] thereof, the said plaintiff is deemed to have consented to the payment of the premiums on said policy out of community funds and to also have consented to the continuation of the defendant as the designated beneficiary of said policy and as a result of

such consent, the decedent was able to and did make a valid gift to the defendant of all of said insurance proceeds, including any community property interest that the plaintiff might otherwise have had therein by reason of any payment of premiums from community funds * * * *."

We adopt this finding herein.

Under such circumstances, where the policy premiums were paid with the appellant's knowledge and consent, and having entered into the property settlement agreement, she is estopped from claiming an interest in the benefits of the policy. Buhl State Bank v. Glander, 56 Idaho 543, 56 P.2d 757 (1936); Grice v. Woodworth, 10 Idaho 459, 80 P. 912, 69 L.R.A. 584 (1904); Pacific Mut. Life Ins. Co. v. Cleverdon, 16 Cal.2d 788, 108 P.2d 405 (1940); New York Life Ins. Co. v. Bidoggia, 17 F.2d 112 (D.Idaho 1926).

Anderson v. Idaho Mutual Benefit Association, 77 Idaho 373, 292 P.2d 760 (1956), cited by appellant in support of her contention that the insurance policy is community property, supports the conclusion we have reached herein. In that case this court held that an insured could not make a gift of a life insurance policy to another *without the consent of the insured's spouse* if the premiums are paid with community funds. In the case before us there was sufficient,

competent evidence upon which the trial court could and did make a finding that appellant had given such consent.

The judgment is affirmed.

Costs to respondent.

McFADDEN, TAYLOR, SMITH and KNUDSON, JJ., concur.