[No. 38713.    Department Two.    March 9, 1967.]

CHARLES M. STOKES, as *Administrator, Appellant,* v. MAMIE
HATCHER MCDOWELL *et al., Respondents.*\*

*Charles M. Stokes,* pro se.

*Farris, Bangs & Horowitz,* by *Jerome Farris,* for respondents.

STAFFORD, J.†—This is an appeal from a summary judgment. The trial court held that Mamie Hatcher McDowell was entitled to the proceeds of a civil service retirement policy on the life of Ellis Hatcher, her former husband. The

\*Reported in 424 P.2d 910.

†Judge Stafford is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

appellants are James F. Hatcher, intervenor and Charles Stokes, administrator for the estate of Ellis Hatcher.

Ellis and Mamie Hatcher were married in 1948. During the marriage Ellis Hatcher earned a retirement benefit from the United States Civil Service. In 1950 Ellis Hatcher designated the beneficiaries of his policy as follows:

"Mamie L. Hatcher, if living, otherwise, to James F. Hatcher." The same form described Mamie L. Hatcher as "wife" and James F. Hatcher as "brother."

In the absence of evidence to the contrary, property acquired during marriage is presumed to be community property. *California-Western States Life Ins. Co. v. Jarman,* 29 Wn.2d 98, 185 P.2d 494 (1947); *In re Brown's Estate,* 124 Wash. 273, 214 Pac. 10 (1923). There is no evidence to overcome the presumption here.

During the marriage Ellis Hatcher could not have named his brother as the primary beneficiary of the community property without first having divested his wife of her interest therein. *California-Western States Life Ins. Co. v. Jarman, supra.*

Ellis Hatcher was declared incompetent in 1954 and remained so until his death in 1964. Mamie Hatcher divorced him in 1962 and married a Mr. McDowell.

The named beneficiaries were not changed at the time of the divorce or subsequent thereto. Thus, Mamie Hatcher McDowell remained the primary beneficiary when Ellis Hatcher died intestate in 1964. Following the death of Ellis Hatcher, Mamie Hatcher McDowell applied for and received the proceeds of the policy now in question.

The appellants' assignment of error raise one basic issue:[1]

---

[1]During oral argument before this court another issue was raised for the first time. Appellants contended that the decree of divorce failed to correctly reflect certain findings of fact relating to the disposition of the property here in question. However, the divorce decree is not here on appeal. No attempt has been made to seek a correction of any alleged errors in the divorce decree pursuant to Rule of Pleading, Practice and Procedure 60, RCW vol. 0. The alleged error may not be corrected in this court at this time by means of a collateral attack upon the decree of divorce.

Did the decree of divorce divest Mamie Hatcher McDowell of her right to the proceeds of the retirement policy?

Appellants contend that the rights of the wife were divested at the time of the divorce and that the brother is entitled to receive the proceeds of the policy as the only remaining beneficiary. However, this contention is without merit.

During the divorce Charles Stokes, the present administrator of the estate, represented Ellis Hatcher as guardian ad litem and drafted the decree of divorce. The decree provided the following:

"IT IS FURTHER ORDERED THAT . . . each party is awarded any interest acquired in any retirement or insurance benefit, or property, which was owned by him or her *prior to the date of marriage, . . . .*" (Italics ours.) At the time of the divorce the only retirement benefit in existence was the civil service policy now in question.

The decree of divorce only disposed of "any retirement or insurance benefit" acquired *prior to marriage.* Since the policy now in question was acquired *after marriage* it was not disposed of by the divorce decree. Thus, the former Mrs. Hatcher was not divested of her interest therein.

In the absence of a property settlement agreement or a disposition of the property in a divorce decree, if a husband names his wife as the beneficiary in a life insurance policy on his own life, but pays for it with community funds, and thereafter they are divorced with no change being made in the beneficiary, the fact of divorce does not in itself affect the right of the former wife as the named beneficiary to the proceeds of the policy. Such was the primary holding in *United Benefit Life Ins. Co. v. Price,* 46 Wn.2d 587, 283 P.2d 119 (1955). In such an event the parties become tenants in common of the policy. *Cowan v. Sullivan,* 48 Wn.2d 680, 296 P.2d 317 (1956).

Except as limited by his own incompetency, the decedent had a right to dispose of his one-half interest in the policy after the divorce by changing the beneficiary of his interest therein. *Cowan v. Sullivan, supra.* However, this was not

done and there is no showing that his former wife waived, released or was deprived of her rights as a beneficiary.

The fact that Mamie Hatcher was described as "wife" of the insured does not change the result. The word was merely descriptive of her relationship to him. The fact that at the date of his death the description no longer applied is immaterial. The beneficiary is the *person*. The description of her status is a mere *identification* of the person. 29A Am. Jur. *Insurance* § 1642 at 723. See also 52 A.L.R. 395. The situation is quite different from that in which a policy is made payable to the "widow."

The property rights now in question were not disposed of by the trial court in the divorce action. They cannot be brought before us at this late date by means of this collateral attack. Based upon the record before us Mamie Hatcher McDowell is entitled to the proceeds of the policy.

The judgment is affirmed.

HILL, DONWORTH, HUNTER, and HAMILTON, JJ., concur.

June 5, 1967. Petition for rehearing denied.