516 P.2d 187

BENEFICIAL LIFE INSURANCE COMPANY, a Utah Corporation, Plaintiff,

v.

Phyllis B. STODDARD, a single woman and Jeffree Lynn Stoddard, Administrator of the Estate of Earl D. Stoddard, Deceased, Defendants.

Phyllis B. STODDARD, a single woman, Defendant-Appellant,

v.

Jeffree Lynn STODDARD, Administrator of the Estate of Earl D. Stoddard, Deceased, Defendant-Respondent.

No. 11291.

Supreme Court of Idaho.

Nov. 21, 1973.

Denman & Reeves, Idaho Falls, for appellant.

Holden, Holden, Kidwell, Hahn & Crapo, Idaho Falls, for appellee.

BAKES, Justice.

This is an appeal from a summary judgment in favor of the administrator of the estate of Earl D. Stoddard, involving a contest over the proceeds of a $5,000 life insurance policy issued by Beneficial Life Insurance Company on the life of Earl D. Stoddard. The contesting parties are appellant Phyllis B. Stoddard, the divorced wife of Earl Stoddard, who was the named beneficiary in the policy on the date of the death of Earl Stoddard, and respondent Jeffree L. Stoddard, Administrator of the estate of Earl Stoddard.

Appellant was granted a divorce from Mr. Stoddard approximately six months prior to his death. At the time of the divorce, the parties entered into an extensive property settlement stipulation, subsequently incorporated into the divorce decree, which settled the rights of both parties in all property, community or otherwise. The stipulation awarded to Earl Stoddard: "[A]ll *life insurance* and savings of the defendant through his Employment Savings Insurance Plan of Nuclear Corporation" and concluded with the following provision: "It is further expressly agreed between the parties hereto that this shall be a full and complete settlement of all property rights, community or otherwise, between the plaintiff and the defendant, and it is further agreed that each party to this action *waives any* and all further demand against the other party of every kind and nature, excepting those expressly set out herein." (Emphasis added).

At the time of Mr. Stoddard's death, he had not changed the beneficiary of the life insurance policy. When both respondent and appellant claimed rights to the proceeds of the policy, Beneficial Life Insurance Company paid the proceeds into court. From a summary judgment awarding the proceeds to respondent, appellant brings this appeal.

The sole issue presented in this appeal is whether a wife's interest as the beneficiary of an insurance policy issued on the life of her then husband, can be defeated by a property settlement agreement incorporated into a divorce decree which awards the life insurance policy to the husband, notwithstanding the fact that at the time of the husband's death, the wife remained the named beneficiary. We answer in the affirmative and affirm the judgment of the trial court.

■ It is a general rule that when a husband names his wife as the beneficiary in a life insurance policy on his own life, and thereafter they are divorced but no change is made in the beneficiary, the mere fact of divorce does not affect the right of the named beneficiary to the proceeds of the insurance policy. United Benefit Life Insurance Co. v. Price, 46 Wash. 2d 587, 283 P.2d 119 (1955); Stokes v. McDowell, 70 Wash.2d 694, 424 P.2d 910 (1967); 5 Couch on Insurance, § 29:4 at p. 266 (2d Ed.1960); 2 Insurance Law and Practice, Appleman, § 804 at p. 250 (1966).

■ The weight of competent authority, however, supports the proposition urged by respondent in the instant case that the beneficiary's interest in the policy may be terminated by a property settlement agreement which may reasonably be construed as a relinquishment of the spouse's rights to the insurance. This is true even though the insured does not remove the former

spouse as the beneficiary under the policy. Koenig v. Bishop, 90 Idaho 182, 409 P.2d 102 (1965).[1] In Romero v. Melendez, 83 N.M. 776, 498 P.2d 305 (1972), the New Mexico court, addressing itself to this identical issue, stated:

"It is generally true that divorce alone does not automatically divest the wife of the proceeds of life insurance in which she is the named beneficiary * * *. The beneficiary's interest may be terminated, however, by an agreement between the parties which may reasonably be construed as a relinquishment of the spouse's rights to the insurance * * *." 498 P.2d at 306.

Likewise, in United Benefit Life Insurance Co. v. Price, *supra,* the court stated:

"The California cases are agreed that where a wife is named as beneficiary in a life insurance policy on her husband's life, she may, by property settlement agreement, divest herself of all interest as such beneficiary, even though she remains as the named beneficiary at the time of the husband's death.

"This is true, even though no divorce follows the property settlement agreement, and even though the husband reserved no right to change the beneficiary." 283 P.2d at 122.

The court further stated:

"We consequently hold that by the decree she was divested of any interest she might have as the beneficiary under the policy of insurance conceded to be community property and awarded to the husband." 283 P.2d at 121.

In the instant case, a property settlement stipulation was incorporated into the divorce decree granting to Earl Stoddard "all life insurance . . . through his Employment Savings Insurance Plan of Nuclear Corporation." There was no alle-

1. *See also* Tucker v. Brady, 305 F.2d 550 (1962, 9th Cir.); Dudley v. Franklin Life Ins. Co., 250 Or. 51, 440 P.2d 363 (1968); Thorp v. Randazzo, 41 Cal.2d 770, 264 P.2d 38 (1953); Annot., 52 A.L.R. 400; Meherin v. Meherin, 99 Cal.2d 596, 222 P.2d 305 (1950); Annot., 175 A.L.R. 1221; 44 Am. Jur.2d, Insurance, § 1740 at p. 651 (1969); 5 Couch on Insurance, § 29.4 (1960); Supplement 9a of 2 Insurance Law & Practice, Appleman, § 804 (1966).

**630**

gation or genuine issue of material fact indicating any subsequent affirmative action on the part of the insured reaffirming the designation of appellant as the beneficiary under the policy. Accordingly, the trial court correctly found that the property settlement *stipulation constituted a relinquishment* of the appellant's rights to the insurance policy and that respondent was entitled to the proceeds of the policy.[2]

Judgment *affirmed*. Costs to respondent.

DONALDSON, C. J., and SHEPARD, McQUADE and McFADDEN, JJ., concur.

---

2.  Concerning the rules pertaining to summary judgment, see IRCP Rule 56(c) ; Straley v. Idaho Nuclear Corp., 94 Idaho 917, 500 P.2d 218 (1972).