[No. 3252-3.   Division Three.   July 31, 1979.]

BARBARA DAMON, *Respondent,* v. NORTHERN LIFE
INSURANCE CO., *Defendant,* SALLY J.
DAMON, *Appellant.*

*Steven N. Sackmann* and *Sackmann & Sackmann,* for appellant.

*Robert L. Fraser* and *Dano, Cone, Fraser & Gilreath,* for respondent.

McINTURFF, J.—The plaintiff, Barbara Damon, former wife of the deceased, Michael K. Damon, brought this action to establish her right to receive the proceeds of a life insurance policy as the designated beneficiary. The court entered a summary judgment for Mrs. Damon. Sally

Damon, personal representative of the estate of her father, appeals.

In May 1958, Michael K. Damon purchased a $50,000 life insurance policy from Northern Life Insurance Co. (Northern Life), naming his first wife, Peggy Ann, as the beneficiary. In 1964, Mr. Damon and Peggy Ann were divorced and all rights in the insurance policy were returned to Mr. Damon by a property settlement agreement.

Michael Damon and Barbara Damon were married in 1967. Sometime in 1969, Mr. Damon designated Mrs. Damon as the principal beneficiary of the Northern Life insurance policy. In July 1973, Mrs. Damon obtained a default divorce from her husband. The divorce decree made no mention of the Northern Life insurance policy.

In December 1976, Mr. Damon executed a valid will leaving his entire estate to his four children, none of whom were the product of his marriage to Barbara Damon. Mr. Damon died on September 6, 1977. The contents of his safety deposit box revealed the existence of six life insurance policies, on all of which Barbara Damon remained named as the principal beneficiary; however, four of the policies had lapsed for nonpayment of premiums. Mrs. Damon brought this action against Northern Life and Sally Damon, personal representative of the estate of her father, Michael Damon, claiming the right to receive the insurance proceeds as the named beneficiary. Northern Life counterclaimed for an interpleader to resolve the conflicting claims made by Mrs. Damon and the personal representative. By stipulation of counsel, Northern Life was dismissed from the action, having paid the policy proceeds into a bank account to be held pending judicial resolution of this matter. On cross motions for summary judgment, the court awarded the policy proceeds to Mrs. Damon as the named beneficiary.[1]

---

[1] By stipulation, Mrs. Damon also received the proceeds of an Equitable Life Assurance policy, as the named beneficiary, having successfully established her right to receive the Northern Life insurance proceeds in this action.

■ The sole issue is whether the deceased's former wife, or his personal representative, is entitled to the life insurance proceeds.

It is a general rule that when a husband names his wife as the beneficiary of a life insurance policy on his own life, and thereafter they are divorced but no change is made in the beneficiary, the mere fact of divorce does not affect the right of the named beneficiary to the proceeds of the insurance policy.

*In re Estate of Reynolds,* 17 Wn. App. 472, 474, 563 P.2d 1311 (1977); quoting from *Beneficial Life Ins. Co. v. Stoddard,* 95 Idaho 628, 516 P.2d 187, 188, 70 A.L.R.3d 344 (1973). On the other hand, the beneficiary's interest may be terminated by various acts in addition to the fact of divorce.

The rights of the beneficiary to the proceeds of a policy upon the life of a divorced spouse may be terminated in any of the following ways: by an agreement of the parties, which may be reasonably construed as a relinquishment of the spouse's rights to the insurance; by the wife's release of her interest in the husband's life insurance policies made in a property settlement in their divorce action, even though the husband had failed to change the designation of the wife as beneficiary; by a change of beneficiary under a reserved right in such respect or under a statute authorizing a change in case of divorce, which was in effect at the time the beneficiary was designated as such; by a surrender or cancellation of the policy in pursuance of a right of such a nature given by the insurance contract; by a reformation of the contract of insurance to conform to the intention of the parties; or under a statute providing for the restoration of the property of the other upon the divorce of the parties.

(Footnotes omitted.) 44 Am. Jur. 2d *Insurance* § 1740, at 651–52 (1969).[2]

---

[2]*See also Stokes v. McDowell,* 70 Wn.2d 694, 424 P.2d 910 (1967); *United Benefit Life Ins. Co. v. Price,* 46 Wn.2d 587, 283 P.2d 119 (1955); 5 R. Anderson, *Couch Cyclopedia of Insurance Law* § 29:4, at 266 (2d ed. 1960); 2 J. Appleman, *Insurance Law and Practice* § 804, at 250 (1966).

Here, there are no additional circumstances, other than the fact of divorce, which might warrant termination of Mrs. Damon's interest in the policy proceeds. The Northern Life policy was the separate property of Mr. Damon. He was thus free at all times to change the beneficiary designation as he might choose. This was not done. Some 4 years elapsed from the divorce in 1973 until Mr. Damon's death in 1977; yet Mr. Damon took no steps to remove his former spouse as beneficiary under the policy. Mr. Damon was presumably familiar with the mechanics of changing the beneficiary designation, having previously changed the designation from his first wife, Peggy Ann, to his second wife, Barbara.

In light of Mrs. Damon's divorce from the insured and the fact that Mr. Damon was survived by four children from a prior marriage, it may appear incongruous for Mr. Damon to have intended his former wife to remain the beneficiary of the life insurance policy. Nevertheless, we cannot, upon general considerations of abstract justice, change the terms of the contract Mr. Damon entered into with Northern Life.[3] For reasons unknown to us, the deceased did not remove his former spouse as the designated beneficiary; therefore, we must assume that he intended she would be the recipient of the policy proceeds.

The fact that Mr. Damon executed a will subsequent to his divorce from Mrs. Damon, leaving his entire estate to his children by a prior marriage, has no effect upon Mrs. Damon's right to receive the insurance proceeds as the named beneficiary. First, the will makes no mention of the insurance policy. Second, we are aware of no provision in the Northern Life insurance policy authorizing a change of beneficiary by will. Where a life insurance policy reserves the right in the insured to change the beneficiary, the

---

[3]*Puget Sound Power & Light v. Shulman*, 84 Wn.2d 433, 439, 526 P.2d 1210 (1974); *Jackson v. Domschot*, 40 Wn.2d 30, 34, 239 P.2d 1058 (1952); *Merlin v. Rodine*, 32 Wn.2d 757, 759, 203 P.2d 683 (1949); *Chaffee v. Chaffee*, 19 Wn.2d 607, 625, 145 P.2d 244 (1943).

change of beneficiary must be made in the manner and mode prescribed by the policy and any attempt to make such change by will for which no provision is made in the policy is ineffective. *United Benefit Life Ins. Co. v. Cody,* 286 F. Supp. 552, 554 (W.D. Wash. 1968).

*Neeley v. Lockton,* 63 Wn.2d 929, 932, 389 P.2d 909 (1964), cited by the appellant is inapposite. In *Neeley,* there was a conflict between the provisions of an insurance policy and a subsequently executed community property agreement. The community property agreement prevailed. The dispute was between a former spouse, as the named beneficiary, and the decedent's widow. Here, conflicting claims to the insurance policy are made by the former spouse, as the named beneficiary, and the deceased's children. Therefore, community property principles are not applicable to supersede the provisions of the insurance contract.

Judgment of the Superior Court is affirmed.

GREEN, C.J., and ROE, J., concur.

Reconsideration denied August 28, 1979.

Review denied by Supreme Court November 30, 1979.