The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff,

v.

Virginia F. COOPER; and Patricia L. Cooper, individually and as Personal Representative of the Estate of Melvin J. Cooper, deceased, Defendants.

Civ. No. 86-1349.

United States District Court, D. Idaho.

Aug. 18, 1987.

M. Allyn Dingel, Jr., Kaye L. O'Riordan, Elam, Burke and Boyd, Boise, Idaho, for plaintiff.

Stanley W. Welsh, Sara M. Thorpe, Clemons, Cosho & Humphrey, P.A., Boise, Idaho, for defendant Virginia Cooper.

C.H. Higer, Richard K. Linville, Higer & Linville, Emmett, Idaho, Glenn A. Coughlan, Coughlan, Coughlan & Korn, Boise, Idaho, for defendant Patricia Cooper.

## ORDER

RYAN, District Judge.

### I. INTRODUCTION

On November 7, 1966, Melvin J. Cooper purchased a life insurance policy from The Prudential Insurance Company of America (Prudential) in the face amount of $13,-000.00. Included within the policy was Mr. Cooper's application for insurance dated November 1, 1962, which provided that insurance was to be payable upon his death to Virginia Cooper, Melvin's wife at the time of the issuance of the policy. On that same page of the policy, Mr. Cooper designated his children as "secondary beneficiaries."

Melvin and Virginia Cooper were divorced on August 17, 1984. Incorporated into

the judgment and decree of divorce was a property settlement agreement. As part of the agreement Melvin was awarded the cash value of the Prudential policy in the amount of $2,960.00. Melvin also assumed the debt under the policy in the amount of $2,500.00.

On October 19, 1985, Melvin Cooper married Patricia Cooper. In late November of 1985, Melvin phoned Prudential employee Idell Reeder to request change of beneficiary forms for the Prudential policy. Based upon this request, Prudential mailed to Mr. Cooper the change of beneficiary form. The change of beneficiary form provided spaces for the insured to designate a class one (primary) beneficiary and a class two (secondary) beneficiary. Mailed with the change form was a document entitled Beneficiary Data Form. This form provided a space for indicating the name, relationship to the insured, and full mailing address of the individual listed in the beneficiary change form.

On approximately December 7, 1985, Melvin Cooper placed Patricia Cooper's name and address on the beneficiary data form. The following Monday, on December 9th, Patricia Cooper, at the direction of Melvin Cooper, filled out the change of beneficiary form. Patricia placed her name in the space designated for the class two beneficiary. Melvin did not sign or complete any part of the change of beneficiary form. Mr. Cooper died on December 11, 1985.

The beneficiary change form was received by Prudential employee Jody Billups, whose job description during December 1985 included working on beneficiary change forms. The change form was subsequently sent back to the Coopers. Attached to the change form was a letter from Ms. Billups directed to Melvin Cooper and dated December 18, 1985. The letter directed Mr. Cooper to place his signature at the bottom of the document and to designate a class one beneficiary. Ms. Billups indicated that if Patricia Cooper was intended to be the class one beneficiary, that her name should be placed in that space and crossed out and initialed in the class two space. Prudential never received a response to the December 18th letter.

Virginia and Patricia Cooper now claim entitlement to the proceeds of Melvin Cooper's life insurance policy. Faced with these conflicting claims, Prudential filed a complaint in interpleader and for declaratory relief on March 9, 1987, depositing the subject insurance proceeds with the clerk of the court. Prudential has deposited with the clerk of the court the sum of $14,966.59, which constitutes the insurance proceeds of $13,570.15, together with interest at the rate of eight and one-fourth percent (8¼) from the date of death until the date of deposit with the clerk of this court. Cross-motions for summary judgment have been filed by Patricia and Virginia. All parties seek attorney's fees. The court conducted a hearing on all pending motions on July 28, 1987.

## II.  ANALYSIS

Patricia Cooper argues, in support of her motion for summary judgment, that the divorce and property settlement agreement that Melvin and Virginia Cooper entered into divested Virginia of her interest as a beneficiary to the insurance proceeds. Patricia further asserts that she was effectively made the new beneficiary under the insurance policy because Melvin did all he could do to effect a change of beneficiary.

### A.  *Property Settlement Agreement*

■ It is well established that divorce does not automatically divest a former wife of the proceeds of a life insurance policy to which she is the named beneficiary. *Beneficial Life Ins. Co. v. Stoddard*, 95 Idaho 628, 516 P.2d 187 (1973). However, a beneficiary's interest in a life insurance policy "may be terminated by a property settlement agreement which may reasonably be construed as a relinquishment of the spouse's rights to the insurance." *Id.* at 629, 516 P.2d 187.

In the *Stoddard* decision, the Idaho Supreme Court found that a property settlement stipulation entered into between the parties terminated the former wife's rights as a named beneficiary to the proceeds of

the policy. This stipulation provided that *all life insurance* would be awarded to Earl Stoddard. As part of the stipulation, the parties further agreed to waive "any and all further demand against the other party of every kind and nature." *Id.* at 628, 516 P.2d 187.

Relying on the holding in *Stoddard*, Patricia Cooper asserts that the property settlement agreement in this case waives Virginia Cooper's rights to the insurance proceeds. The court does not agree. The property settlement agreement in this case awarded Melvin Cooper the cash value of the insurance policy and provided that he was to assume the debt on the policy of $2,500.00. These provisions of the agreement, as properly noted by Patricia, do evidence ownership of the policy in Melvin Cooper. However, where a property settlement agreement merely grants *ownership* of the insurance policy to one spouse, without specifically divesting the other spouse's rights as a beneficiary under the policy, the rights of the beneficiary are not extinguished. *In re Estate of Schleis*, 97 N.M. 561, 642 P.2d 164 (1982); *Redd v. Brooke*, 96 Nev. 9, 604 P.2d 360 (1980); *Culbertson v. Continental Assurance Co.*, 631 P.2d 906 (Utah 1981).

The settlement agreement in this case, unlike the stipulation in *Stoddard*, does not contain language of a waiver of all rights to the insurance and also fails to contain the standard clause waiving all future rights of any kind to the property of the other spouse. Absent such language in the agreement, the court cannot find that Virginia was divested of her interest as a *beneficiary* to the life insurance proceeds.

### B. *Compliance with Change of Beneficiary Forms*

Patricia asserts that even if the settlement agreement does not terminate Virginia's claim to the life insurance proceeds, such claim was terminated because Melvin effectively changed the beneficiary of this policy to Patricia.

In determining whether there was an effective change of beneficiary in this case, the court is guided by the recent Idaho Supreme Court opinion of *IDS Life Insurance v. Groshong*, 112 Idaho 847, 736 P.2d 1301 (1987). In that case, Timothy Groshong entered into a contract with his employer (IDS) for a career distribution retirement plan which designated his wife Ruby as the beneficiary. A second retirement plan was entered into in 1982 with Ruby Groshong also being designated as the sole beneficiary.

The Groshongs were divorced in 1983. Shortly thereafter, Mr. Groshong married his second wife, Joanne. On June 23, 1983, a week after the marriage, Mr. Groshong executed two IDS change of beneficiary forms in the presence of Joanne and an employee of IDS. These forms designated Joanne as the sole beneficiary under both retirement plans. These forms were not immediately given to the agent, but rather left on Timothy's desk. Mr. Groshong died about a week later in Sun Valley after participating in a polo match. Despite the fact that the change forms were never actually delivered to IDS, the court found that Timothy Groshong did effect a change of beneficiary.

In ruling for the second wife, the court noted that a change of beneficiary could be effected without complete compliance with the provisions of the life insurance policy. The court noted that there must instead be "substantial compliance."

In determining whether there has been substantial compliance, a two-prong test is applied. There must be evidence that (1) the insured had determined to change the beneficiary, and (2) that the insured had done everything to the best of his ability to effect the change. *Id.*

In *Groshong*, the court considered several factors in determining the intent to change the beneficiary: (1) the completeness to which the forms were filled out, (2) testimony of witnesses which established the insured intended to make a change of beneficiary, and (3) the length of time between completing and signing the change form and forwarding it to the insurance company.

Under the second prong, the test is whether the insured had done everything to the best of his ability to effect the change. The court cited several cases which indicated that where the insured made a clear intent to change beneficiaries, but died prior to delivery of the forms to the insurance company, that that mere technicality would not make the change ineffective. Applying these tests, the court found that Groshong had effected a change of beneficiary as he completed and signed the forms in front of his wife and an agent. The court found non-delivery insignificant as Groshong normally had his secretary forward such forms.

In the instant case, that part of the change form that was completed indicates only an intention to make Patricia the class two beneficiary in place of the children. This form was filled out entirely by Patricia Cooper. It does appear, however, that Melvin instructed Patricia where to place her name. At no time did Prudential receive a change of beneficiary form signed and completed by Melvin listing Patricia as the new class one beneficiary. Furthermore, Patricia has not provided the court with affidavits or deposition testimony indicating that Melvin expressed an intent to make Patricia the primary beneficiary in place of Virginia. The record before the court simply does not reveal an intent by Melvin to make Patricia the class one beneficiary.

As to the second prong of the *Groshong* test, it is clear that Melvin did not "do everything to the best of his ability" to cause a class one beneficiary change from Virginia to Patricia. Melvin had the "ability" to effect such a change by placing Patricia's name in the class one beneficiary spouse. He did not do this. In fact, Melvin did not fill out any portion of the change of beneficiary form. Instead, he instructed Patricia to place her name in the class two beneficiary spouse. In short, the record is devoid of any evidence that Melvin Cooper *intended* or *attempted* to change the primary beneficiary of his policy from Virginia Cooper to Patricia Cooper. Accordingly, summary judgment will be granted to Virginia Cooper. Virginia is entitled to those proceeds deposited by Prudential with the clerk of the court.

### C. *Attorney's Fees*

■ Prudential has requested that it be awarded attorney's fees out of the funds which were deposited with the court. An award of attorney's fees in an interpleader action lies within the sound discretion of the court. 7 C. Wright, A. Miller, M. Kane, *Federal Practice and Procedure* § 1719 (1986). The court has found that Virginia Cooper is entitled to the entire proceeds deposited by Prudential. Accordingly, any award of fees to Prudential would be deducted from those proceeds that Virginia is entitled to. However, counsel for Prudential has informed the court that it was primarily the actions of Patricia Cooper that led Prudential to seek attorney's fees.[1] The court does not believe that it would be equitable in this case to lessen the amount of proceeds to be awarded to Virginia.

■ Virginia Cooper has also sought to obtain her fees against Patricia. While the record does not support Patricia's position that she was the intended beneficiary of Melvin's life insurance policy, it cannot be said that Patricia's claim was frivolous or taken in bad faith. Accordingly, the court will not award fees to Virginia Cooper either.

### III. ORDER

Based upon the foregoing and the court being fully advised in the premises,

IT IS HEREBY ORDERED that Virginia Cooper's motion for summary judgment should be, and is hereby, GRANTED.

IT IS HEREBY ORDERED that Patricia Cooper's motion for summary judgment should be, and is hereby, DENIED.

---

1. Counsel for Prudential informed the court at the time of the hearing that the deposition testimony of Prudential employee Jody Billups was taken at the instance of Patricia Cooper. Counsel indicated that this was an additional and unnecessary expense for which Prudential was entitled to recover fees.

IT IS FURTHER ORDERED that the respective motions for attorney's fees should be, and are hereby, DENIED.

IT IS FURTHER ORDERED that the clerk of the court shall disburse to Virginia Cooper those proceeds deposited by Prudential in the amount of Fourteen Thousand, Nine Hundred Sixty-six and 59/100 Dollars ($14,966.59).