Sandra MELTON, mother and next friend of Sheila White, a minor, and Joe White, a minor, Plaintiff,

v.

Janice J. WHITE and Office of Servicemen's Group Life Insurance, a subsidiary of Prudential Insurance Company, Defendants.

No. CIV–93–1971–A.

United States District Court,
W.D. Oklahoma.

March 18, 1994.

Edward W. Dzialo, Jr., Godlove Joyner Mayhall Dzialo Dutches & Erwin, Lawton, OK, for Sandra Melton, Mother & next friend of Sheila White a minor & Joe White a minor.

Kathryn D. Mansell, and Reggie N. Whitten, Mills Whitten Mills Mills & Hinkle, Oklahoma City, OK, for Janice J. White.

Arlen E. Fielden and Mark D. Spencer, Crowe & Dunlevy, Oklahoma City, OK, for Office of Servicemen's Group Life Ins., a subsidiary of Prudential Ins. Co.

**1514**

### ORDER

ALLEY, District Judge.

Before the Court is defendant Prudential Insurance Company's Motion For Judgment, Permanent Injunction and Attorney's Fees. Plaintiff has not responded in opposition to defendant's motion. However, defendant Janice White has responded agreeing to the entry of judgment, but opposing Prudential's request for permanent injunction and attorney's fees. The issues are now ripe for review and the Court rules as follows.

Plaintiff Sandra Melton initiated this action on behalf of her children, Sheila and Joe White, to recover insurance proceeds from their father's policy under the Servicemen's Group Life Insurance Act, 38 U.S.C. § 1965 *et seq.* In her complaint, plaintiff asked that Prudential be ordered to interplead. Defendant did so, filing an answer, counterclaim and cross-claim for interpleader under 28 U.S.C. § 1335. Prudential then deposited the entire amount of the disputed funds into the Court ($100,603 including interest), disclaiming any interest in the money. Prudential now asks to be discharged as a stakeholder in the funds. In addition, defendant asks the Court to enter a permanent injunction "restraining the other parties from instituting further proceedings involving the disputed funds," pursuant to 28 U.S.C. § 2361, and requests the award of attorney's fees and costs out of the disputed funds. Plaintiff's Brief at 6–7.

Defendant White does not contest Prudential's discharge from this case. However, White asserts that granting a permanent injunction at this stage would be premature, even though there is no threat of impending litigation against Prudential. In addition, White contends that Prudential should not recover attorney's fees from the funds for two reasons: first, because she did not bring this action and, second, because Prudential routinely handles competing claims for insurance proceeds as part of its normal course of business. After considering White's arguments and the relevant authorities, the Court will grant Prudential's motion in its entirety.

■ In an interpleader action, 28 U.S.C. § 2361 provides that a district court "shall

hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment." 28 U.S.C. § 2361 (West 1993). "The statute, by its terms, affords the court the power to enjoin other judicial proceedings in order to reduce the possibility of inconsistent determinations or the inequitable distribution of the fund." *United States v. Major Oil Corp.,* 583 F.2d 1152 (10th Cir.1978) (citations omitted). White argues that granting an injunction would be premature at this point in the litigation. However, it is the nature of interpleader actions to resolve multiple claims to a fund in one litigation. *See Holcomb v. Aetna Life Insurance Co.,* 228 F.2d 75, 80 (10th Cir.1955), *cert. denied,* 350 U.S. 986, 76 S.Ct. 473, 100 L.Ed. 853 (1956). Neither of the other parties to this litigation will be able to relitigate their right to the disputed insurance proceeds at the conclusion of this action. Moreover, there is no question that the Court has jurisdiction over all parties, as well as over the funds now deposited in Court. Thus, the Court sees no reason why it should not grant Prudential's request for a permanent injunction at this time.

■ The Court also finds that the award of attorney's fees is in order. "The propriety of the allowance of costs, including a reasonable attorney's fee, to a plaintiff in an interpleader action is well recognized ..." *United States v. Chapman,* 281 F.2d 862, 870 (10th Cir.1960). "The prevailing principle in interpleader actions brought in federal courts, whether under the interpleader statute or under Rule 22, 'is that it is within the discretion of the court to award the stakeholder costs, including reasonable attorney's fees, out of the deposited fund.'" *United Bank of Denver v. Oxford Properties, Inc.,* 683 F.Supp. 755, 756 (D.Colo.1988) (citing 3A *Moore's Federal Practice* para. 22.16(2), at 22–169); *see also United States Fidelity & Guaranty Co. v. Sidwell,* 525 F.2d 472, 475 (10th Cir.1975); *Chapman,* 281 F.2d at 870–71; *Lincoln Home Life Insurance Co. v. Harrison,* 71 F.R.D. 27, 31 (W.D.Okla.1976).

White first argues that it would be inequitable for the proceeds of the life insurance policy to be reduced by fees incurred as a result of litigation not of her own making.

She cites to *Prudential Insurance Co. of America v. Cooper,* 666 F.Supp. 190 (D.Idaho 1987) in support of this proposition. However, it is unclear at this stage of the litigation whether White will be entitled to the insurance proceeds. Moreover, in the face of clear expressions favoring the award of attorney's fees by Tenth Circuit courts in this circumstance, the Court is unwilling to make an exception.

■ Citing *Sun Life Assurance Co. of Canada v. Thomas,* 735 F.Supp. 730 (W.D.Mich.1990), White also argues that the award of fees is inappropriate when the stakeholder's costs were incurred as part of their normal course of business. Such an argument is premised on the notion that the cost of litigating against attacks by competing claimants should be borne by the insurance company as part of its ordinary operating expenses. The Court finds no expression of such a policy in the relevant controlling case law of this circuit and, likewise, is unwilling to create one in the face of fairly clearly established precedent.

Finally, in the event the Court decides to award attorney's fees and costs to Prudential, White asks that the Court limit the award to only those tasks related to the interpleader action. The Court has reviewed the fee submission of counsel for Prudential and is satisfied that the amounts listed represent such expenses.

In sum, Prudential's Motion For Judgment, Permanent Injunction and Attorney's Fees is GRANTED. Prudential is hereby discharged as a stakeholder and dismissed as a party in this action. Prudential is awarded judgment against defendants on its interpleader action. Prudential has no liability beyond the amount tendered to Court to any other parties in connection with the disputed funds. The other parties to this action are permanently enjoined from instituting any proceeding affecting the disputed funds other than this lawsuit. Finally, Prudential is awarded $1,777.83 in attorney's fees and costs to paid out of the disputed funds.

It is so ordered.