**In the Matter of the ESTATE of Raymond E. COOPER, Deceased.**

**Hazel M. COOPER, Appellee,**

v.

**Mary COOPER, Executor of the Estate of Raymond E. Cooper, Deceased, Appellant.**

**No. 2–56080.**

Supreme Court of Iowa.

Feb. 20, 1974.

Walker, Concannon & Anderson, Keokuk, for appellant.

McManus & McManus, Keokuk, for appellee.

Heard before MOORE, C. J., and RAWLINGS, REYNOLDSON, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

We affirm the trial court's finding on a claim filed in an estate. The validity of the claim turns on the interpretation of provisions in a separate maintenance decree.

On December 8, 1958 Hazel Cooper (claimant) was granted a decree of sepa-

rate maintenance from her husband Raymond E. Cooper (decedent). The decree incorporated a stipulation between the parties and included the following:

"Plaintiff shall maintain and pay all premiums on all presently existing insurance, which is now in force and effect including all present life, health and accident, hospitalization, fire, casualty, house, and cars, including liability. The defendant, Hazel Cooper, shall be retained as beneficiary on all insurance policies, with the provision that said beneficiary cannot be changed without defendant's written consent and that the plaintiff cannot borrow upon said policies, without the written consent of defendant, except for the purpose of paying premiums on said insurance policies if necessary. It is the understanding of the parties, that the life insurance has been purchased for the purpose of caring for the parties, including the retirement or payment in the event of disability of the plaintiff, and the protection of the beneficiaries of said policies, and said policies shall be used for no other purpose than as expressed herein as provided in the policies."

Seven life insurance policies existed so as to be affected by the decree. This appeal involves only two policies which, unlike the other five, were endowment policies. The first of the two involved policies was written as "endowment at age 60, Raymond E. Cooper, insured" and the second was written as "retirement income endowment, at age 60, Raymond E. Cooper, insured."

The insurers were never informed of the provisions of the separate maintenance decree. Decedent always paid the premiums, never borrowed on the policies and on each retained claimant as beneficiary. A medical doctor, he never retired but continued the practice of his profession until his death. He did however reach the age of 60 years at which time the two endowment policies matured. Thereupon the proceeds were paid to him.

After decedent's death claimant filed a claim in his estate for the proceeds of all seven policies. The executor resisted the claim as it related to the two endowment policies, arguing the decree did not impair decedent's right to the proceeds on maturity. The trial court disagreed, ruling the separate maintenance decree barred decedent's right to cash them when he did.

I. There is no dispute concerning the usual interests of an insured and beneficiary in an ordinary endowment life insurance policy. Under such a policy both the insured and beneficiary take what have been described as contingent interests.

" * * * The interest of the insured in the proceeds of the insurance depends upon his survival of the expiration of the endowment period. Upon the insured's death, within the period, the beneficiary will take, as against the personal representative or the assignee of the insured, but if the insured survives the endowment period, the benefits are payable to him or to his assignee, notwithstanding that a beneficiary is designated in the policy. * * *." 44 Am.Jur.2d, Insurance, section 1739, pages 648–649.

■ This appeal is completely aside from the question of whether the interest of a life insurance beneficiary is vested. See Shepherd v. Pacific Mutual L. Ins. Co., 230 Iowa 1304, 300 N.W. 556 and authorities. That question turns on whether a right to change beneficiaries is reserved to the insured. Here the interest of the claimant as beneficiary was clearly vested, at least from the time of the separate maintenance decree. This appeal is controlled by a determination of how the decedent's interests in the endowments were affected by the decree. We observe the trial judge interpreting the decree was the one who originally entered it. We give his interpretation great weight. Dairyland, Inc. v. Jenison, 207 N.W.2d 753 (Iowa 1973); Cooper v. Cooper, 158 N.

W.2d 712 (Iowa 1968); Peters v. Peters, 214 N.W.2d 151 (Iowa 1974).

To support their positions the claimant and executor seize on various words in the insurance provision of the decree. The executor points to the expression "purchased for the purpose of caring for the parties." From this she argues the purpose of the provision was to confer advantages on both parties rather than the claimant only. She urges the rights to endowments on maturity were thereby reserved to the insured. She urges the endowment policies were more expensive than ordinary life policies and he would not have paid the greater amount for an advantage in the policy only to have it denied him by the decree.

Claimant points to expressions in the provision which are addressed to "retirement, "disability," "protection of the beneficiaries," and "no other purpose." Claimant shows the insured did not retire, nor become disabled. He did not reach a stage in life where he needed financial protection.

While there is some strength to both arguments we think there is considerably more to the one adopted by the trial court. The policies were not described in the provision itself; it was silent even as to how many existed. We do not believe it was shown there was no advantage to the insured in retaining the endowment features after entry of the decree. There might well have been advantages to him on retirement, disability, or on the death of claimant if she had predeceased him.

Taking the provision as a whole, and giving the required weight to the trial court's interpretation of its own decree we affirm. The provision obviously is aimed at irrevocably providing insurance funds for specific and limited purposes. Under these circumstances we do not believe the decree allowed withdrawal of the endowment funds from the plan, even on maturity.

Affirmed.