**Marjorie E. GIRARD, individually and as special administrator of the Estate of Paul R. Girard, Plaintiff and Appellant,**

v.

**Verna M. PARDUN, f/k/a Verna M. Girard, Defendant and Appellee.**

**No. 13433.**

Supreme Court of South Dakota.

Considered On Briefs Feb. 23, 1982.

Decided April 14, 1982.

---

Peter J. Horner of Christopherson, Bailin & Anderson, Sioux Falls, for plaintiff and appellant.

Michael B. Crew, Sioux Falls, for defendant and appellee.

FOSHEIM, Justice.

This appeal involves a contest over the proceeds of a life insurance policy. Paul Girard and Verna Pardun, appellee, were married on February 26, 1954. In April of 1957 Mr. Girard designated Verna the beneficiary of his life insurance policy, which he held as an employee of the United States Postal Service. Paul and Verna were divorced on April 30, 1975, and on September 4, 1976, Paul married Marjorie Girard, appellant. That marriage existed when Paul died on June 7, 1980. At the time of death, Verna remained the designated beneficiary on the life insurance policy. Paul's widow brought this action for the insurance proceeds against Verna Pardun and the Metropolitan Life Insurance Company. Metropolitan was dismissed as a party when it deposited the insurance proceeds with the Clerk of Courts. Both parties moved for summary judgment. The motion of Verna Pardun was granted. We affirm.

The issue is whether Verna Pardun contracted away her interest as beneficiary on Paul Girard's life insurance policy when she entered into a "Stipulation and Agreement" with Paul Girard in anticipation of their divorce.

While appellant concedes the Stipulation and Agreement does not specifically mention Paul Girard's life insurance policy, she contends that the language of the agreement clearly indicates an intent that appellee relinquish any and all rights to the life insurance policy. The agreement provides: "That this . . . is to be considered strictly as a Stipulation and Agreement settling all the rights and duties of the respective parties, their property, support and alimony." And the agreement specifically stipulates that: "the defendant shall keep in force and effect all presently existing hospitalization insurance," and that the parties will "execute any and all papers or instruments in writing if, as, and when such execution shall be necessary, in order to effectuate the expressed conditions hereof." Findings were waived by operation of law, but the divorce judgment approved, adopted and incorporated the stipulation and agreement by reference.

The issue before us is one of first impression in this state. The general rule is found in 5 Couch on Insurance 2d § 29:4 (emphasis added).

In consequence of the fact that ordinarily divorce does not affect the right of the named beneficiary, it follows that where the husband does not change the beneficiary of his policy after having been divorced, the divorced wife is entitled to the proceeds of the policy upon the death of the insured.

The divorced wife may, however, have surrendered her right as beneficiary by a property settlement agreement, which may or may not have been incorporated into the decree of divorce. For example, a divorce decree *specifically awarding* the husband all insurance policies on his life divested the wife of any interest she might have as a beneficiary under a policy conceded to be community property. Likewise, where the property settlement agreement contemplated a disposition of all property rights and other matters *and*

*specifically described* a life policy in which the wife was beneficiary and stated that the husband was to receive the policies free and clear of any claims of the wife thereto, the wife waived and relinquished all right to the insurance proceeds of the policy in which she was beneficiary and that divestment was complete when the agreement was executed and incorporated into the divorce decree, notwithstanding that at the time of the insured's death the wife was still the designated beneficiary.

. . . .

Moreover, while a settlement agreement may require the beneficiary wife to surrender or 'turn over' the policy to the insured, that fact alone does not destroy her right as beneficiary where the insured thereafter did not change her designation as beneficiary.

Whether a property settlement agreement should be deemed to bar the divorced wife is a question of the construction of the agreement itself. Where there is no provision that the effecting of the settlement agreement should deprive her of her rights as named beneficiary and she in fact remains named as beneficiary, the settlement agreement *will not be given a broader scope than its express terms specify* and she will not be barred from her right as the named beneficiary.

That general rule was applied in *Mullenax v. National Reserve Life Ins. Co.*, 29 Colo.App. 418, 485 P.2d 137 (1971), to determine the effect of a separation agreement on the right of the divorced wife of the deceased to recover as the named beneficiary on the deceased's life insurance policy. The separation agreement stated, in part: "The wife hereby conveys, signs and sets over unto the husband all of her right, title and interest in and to any and all other property presently standing in the name of the husband[.]" *Id.* 485 P.2d at 138. The *Mullenax* court held:

The terms of the separation agreement required plaintiff [divorced wife of deceased/named beneficiary] to convey all of her 'right, title and interest in and to

any and all property' held by the husband. The clear meaning of this clause is that plaintiff was conveying unto the decedent any interest in the property to which she might have had a legitimate claim or interest. *She had no present interest in this policy, only a mere expectancy.* 46 C.J.S. Insurance § 1173b(2). Plaintiff might have renounced or disclaimed her expectancy in the policy by this or any other agreement, but this is sharply distinguishable from the wording of the agreement itself, which speaks of conveying any interest she might have in the decedent's property.

The agreement does not contain a renunciation of her expectancy in the policy and, absent such a *specific disclaimer*, we will not construe the agreement so as to include a renunciation of her right to take as beneficiary under the policy. *It is not the duty of the court to make new contracts for the parties*, but merely to interpret the one as written. *Yamin v. Levine*, 120 Colo. 35, 206 P.2d 596. The agreement has no application to the policy itself.

*Id.* 485 P.2d at 139–140 (emphasis added).

The Iowa Supreme Court reached the same conclusion as *Mullenax* on facts essentially the same as in the case before us. *Lynch v. Bogenrief*, 237 N.W.2d 793 (Iowa 1976). The Iowa court first noted that the general rule is that divorce does not affect a beneficiary designation and that jurisdictions holding to the contrary are "in stark contrast to the great weight of authority." *Id.* at 798. The Iowa court examined the provisions of the divorce decree to determine its effect on the former wife's right to collect death benefits as named beneficiary. Holding in favor of the former wife, the *Lynch* court stated:

Specific provisions governed disposition of the real estate, household furniture and fixtures. The final sentence provided 'That each of the parties hereto shall have the title to and possession of their own personal belongings.'

There is no mention of retirement or death benefits or any language of relin-

quishment or waiver of statutory right, or rights as designated beneficiary, in any death benefits.

Lynch [deceased] unquestionably had a property interest in his accumulated contributions, including the right to change designated beneficiary. Pauline V. Lynch at time of the divorce maintained an insurable interest in Lynch's life and a contingent interest in his accumulated contributions as his then designated beneficiary. Construing the above quoted language of the divorce decree to its greatest permissible reach, it only insured the remaining personal property interests of the respective parties would continue unchanged.

*Id.* (Citations omitted.) The *Lynch* court stated that a contrary holding should only be reached after the long-range policy issues inherent in this type of case are resolved by the Legislature against the named beneficiary.

The policy reasons were well stated in *Nunn v. Equitable Life Assur. Society, etc.,* 272 N.W.2d 780 (N.D.1979). In *Nunn,* the plaintiff, surviving spouse and personal representative of the estate of her deceased husband, appealed from the trial court's summary judgment which awarded the deceased's former wife, as named beneficiary, the proceeds on the deceased's life insurance. The *Nunn* court affirmed and approved this language:

'The plaintiff is in this case arguing that in effect the person entitled to the proceeds of the policy is *whoever the decedent intended it to be,* even if not the named beneficiary. It requires little imagination to envision the mischief that would be caused by the adoption of such a rule. Disputes among friends, relatives, and heirs of the decedent would be a regular occurrence. Insurance companies presumably [would] invariably deposit the proceeds in court because they could not rely on their records. The adoption of such a rule, in the long run,

would be detrimental to the administration of justice, just as it would be if permitted in the case of wills or land transfers.

. . . .

The result may be unfortunate, but that condition alone no more furnishes justification for the Court to intervene than it would in the case of errors of judgment or frustrated expectations in the case of contracts generally.'

*Id.* at 781–82, (citation omitted).

As in *Nunn,* Paul Girard knew Vera Pardun was the named beneficiary on his life insurance policy; it was in his power to change that designation. He chose not to do so even though time and opportunity permitted. If this court were to interpret blanket divorce agreement phrases, as we find here, to reach the deceased's life insurance policy, we would find ourselves in the quagmire envisioned in *Nunn.*

We agree with the general rule expressed in *Couch* and applied in *Mullenax* and *Lynch.* The clear import of the Stipulation and Agreement is that the parties settled all their property rights by such agreement. But, as a beneficiary, appellee had no property rights in Mr. Girard's life insurance policy to settle, she only had an expectancy. *Mullenax, supra.* This expectancy could only be contracted away by reference to the life insurance policy in the Stipulation and Agreement and we decline to rewrite divorce stipulations and agreements to contain such a reference.

The summary judgment is affirmed.

All the Justices concur.