**Wilda J. SORENSEN, Appellee,**

v.

**Beverly Jean (Sorensen) NELSON, Appellant.**

No. 83–319.

Supreme Court of Iowa.

Jan. 18, 1984.

Bruce A. Green, Primghar, and Patrick M. Carr, Spencer, for appellant.

Charles King of Haupert, Robertson & King, Marshalltown, for appellee.

LARSON, Justice.

A very narrow issue is presented on this appeal: does a dissolution decree, which incorporates the stipulation for division of the parties property interests, terminate a former spouse's interest as a named life insurance beneficiary when neither the policy nor the interest of the former spouse in the policy is expressly mentioned in either the decree or the underlying stipulation? The district court held that the interest of the former spouse was terminated by the dissolution decree. We agree and affirm the summary judgment.

Thomas Sorensen and Beverly Sorensen were married in June, 1979. In July, Thomas designated Beverly as the primary beneficiary of a pre-existing life insurance policy and designated his mother, Wilda Sorensen, as contingent beneficiary.

The marriage between Thomas and Beverly was dissolved in 1981. The dissolution decree incorporated a stipulation concerning division of property. This stipulation did not expressly mention the life insurance policy, but it did state that each spouse would relinquish all rights against the other not expressly provided for in the dissolution decree.

The stipulation stated the intent of the parties:

> [T]he parties desire to make a full, complete and final and permanent settlement of all of their property rights and interests of any and all claims of any and every kind and character which have arisen, which now exist, or might hereafter arise because of the marriage relationship of the parties *or otherwise* ...."

(Emphasis added.)

After setting out the parties' agreements for payment of debts and for division of specific items of property including automobiles, bank accounts, and the parties' "personal property," the stipulation continued:

> [B]oth parties hereby release the other from all obligations not specifically set forth herein and that each party relin-

quishes all rights *of any kind* not expressly provided for in this Agreement including the right of dower, or to receive a distributive share in any property now owned or in which the other party may hereafter acquire an interest and both parties release the other party for any and all other claims of any kind for which they might otherwise have the right to pursue, marriage or otherwise. It being the express intention of both parties that this Agreement shall fix and determine *all rights and obligations between them,* both parties waive and agree to indemnify the other party from any claims or obligations which may otherwise arise.

(Emphasis added.)

Thomas Sorensen died in 1982. Both Wilda (his mother), and Beverly (his former wife), claimed the proceeds of the life insurance policy. To determine the entitlement to the proceeds, Wilda filed a declaratory judgment action. Both Wilda and Beverly filed motions for summary judgment. The trial court granted Wilda a summary judgment, relying on the language of the dissolution decree extinguishing all of Beverly's rights to any of Thomas' property not expressly mentioned in the decree.

## I. *The Procedural Issue.*

■ Beverly contends that this was not a proper case for disposition by summary judgment because the intent of the parties was a material fact which was in dispute. She had earlier asserted, however, in her own summary judgment motion, that "[t]here is no genuine issue as to any material facts...." While the court is not obliged to find a lack of factual dispute merely because both parties assert that to be the case, we believe such assertions should weigh heavily in making that determination. Under the circumstances of this case, we believe the construction of the stipulation and decree was a matter of law and proper for disposition by summary judgment.

## II. *The Substantive Issue.*

■ It is a well-established rule that divorce or dissolution per se does not void the designation of a named spouse on a life insurance policy. *Lynch v. Bogenrief,* 237 N.W.2d 793, 797 (Iowa 1976), 44 Am.Jur.2d *Insurance* § 1714 (1982). On other hand, where a stipulation specifically provides for disposition of insurance proceeds, that provision is given effect. *Baekgaard v. Carreiro,* 237 F.2d 459, 463 (9th Cir.1956) cert. denied 352 U.S. 1004, 77 S.Ct. 564, 1 L.Ed.2d 549, *Brewer v. Brewer,* 239 Ark. 614, 390 S.W.2d 630 (1965), *Beneficial Life Insurance Co. v. Stoddard,* 95 Idaho 628, 516 P.2d 187 (1973), *Romero v. Melendez,* 83 N.M. 776, 498 P.2d 305 (1972), *United Benefit Life Insurance Co. v. Price,* 46 Wash.2d 587, 283 P.2d 119 (1955), *Estate of Reynolds v. Central Life Assurance Co.,* 17 Wash.App. 472, 563 P.2d 1311 (1977). Our question is what effect to give language in the stipulation which attempts to "make a full, complete and final and permanent settlement" of the parties' property rights and interests in the broad language found in this stipulation.

When the divorce or dissolution proceedings do not expressly deal with the insurance interests, the general rule is that:

[t]he wife may, upon divorce, contract away any rights in insurance on her husband's life in which she is named as the beneficiary. General expressions or clauses in a property settlement agreement between a husband and wife, however, are not to be construed as including an assignment or renunciation of expectancies, and the beneficiary therefore retains his status under an insurance policy if it does not clearly appear from the agreement that in addition to the segregation of the property of the spouses it was intended to deprive either spouse of the right to take under an insurance contract of the other, and while the failure of the husband to exercise his power to change the beneficiary ordinarily indicates that he does not wish to effect such a change, each case must be decided upon its own facts.

(footnotes omitted) 4 Couch, *Couch Cyclopedia of Insurance Law* § 27:114 (R. Anderson 2d ed. 1960).

The same authority offers this advice on construing such an agreement:

> Whether a property settlement agreement should be deemed to bar the divorced wife is a question of the construction of the agreement itself. Where there is no provision that the effecting of the settlement agreement should deprive her of her rights as named beneficiary and she in fact remains named as beneficiary, the settlement agreement will not be given a broader scope than its express terms specify and she will not be barred from her right as the named beneficiary.

(footnote omitted) 5 Couch, *supra,* § 29:4. *See also* 2 J. Appleman & J. Appleman, *Insurance Law and Practice,* § 804 (1966), Annot. 70 A.L.R.3d 348 (1976), 44 Am. Jur.2d *Insurance* § 1714 (1982).

Some courts do not turn the issue on construction of the stipulation or decree but rather on the nature of the beneficiary's interest. They hold that, as of the time of the dissolution, the divorced spouse has no present interest in the policy to convey or relinquish, only a "mere expectancy." *Mullenax v. National Reserve Life Insurance Co.,* 29 Colo.App. 418, 485 P.2d 137 (1971). *Accord O'Toole v. Central Laborers' Pension & Welfare Funds,* 12 Ill. App.3d 995, 299 N.E.2d 392 (1973), *Prudential Insurance Co. v. Weatherford,* 49 Or. App. 835, 621 P.2d 83 (1980). *Girard v. Pardun,* 318 N.W.2d 137 (S.D.1982) takes this tack despite the agreement's expressed intent "settling all the rights and duties of the respective parties, their property, support and alimony." *Id.* at 138. "This expectancy could only be contracted away by reference to the life insurance policy in the Stipulation and Agreement and we decline to rewrite divorce stipulations and agreements to contain such a reference." *Id.* at 140. *Accord Lincoln National Life Insurance Co. v. Blight,* 399 F.Supp. 513 (E.D.Pa.1975) (applying Pennsylvania law) (named beneficiary takes despite agreement relinquishing any interest in life insurance; held not to include right to receive proceeds.), *Pitts v. Ashcraft,* 586 S.W.2d 685, 695–696 (Tex.Civ.App.1979).

Beverly argues that she had no interest in the insurance policy, at the time of the dissolution, which could have been contracted away by her. She claims this case therefore falls under the rule of the cases just discussed.

■ Where, as here, the insured reserved the right to change beneficiaries, Iowa has characterized the named beneficiary's interest as a "mere expectancy." *Penn Mutual Life Insurance Co. v. Mulvaney,* 221 Iowa 925, 929–933, 265 N.W. 889, 891–893 (1936). *See* 46 C.J.S. *Insurance* § 1173(b)(2) (1946), 2 J. Appleman & J. Appleman, *Insurance Law and Practice,* § 901 (1966). Under this view, Beverly did not relinquish because there was nothing for her to relinquish. *See Potter v. Northwestern Mutual Life Insurance Co.,* 216 Iowa 799, 804–805, 247 N.W. 669, 671–672 (1933). *See also Stolar v. Turner,* 237 Iowa 593, 605, 21 N.W.2d 544, 550 (1946).

■ Whether the interest is a "mere expectancy" or a more substantial property interest, however, we believe it is an interest which may be disposed of by the dissolution court, if this was clearly shown to be the intent of the parties.

Other jurisdictions have reached similar conclusions. When confronted with comprehensive language, such as that found in our case, these courts have concluded that the clear intent was to "wipe the slate clean," reading the language as voiding the designation of the former spouse as the beneficiary. This reasoning is supported, as in other contract cases, by the primary rule of construction requiring the court to ascertain and give effect to the mutual intention of the parties. *O'Brien v. Elder,* 250 F.2d 275, 279 (5th Cir.1957) ("The completeness of its provisions demonstrates the intention to effect a complete settlement as well as a final one."), *Baekgaard,* 237 F.2d at 463 ("a disposition of *all* property rights and 'other matters' was clearly

contemplated by the parties."), *Hollaway v. Selvidge,* 219 Kan. 345, 350, 548 P.2d 835, 840 (1976) ("Here the settlement was sufficiently comprehensive in nature to demonstrate an intent to embrace and settle all the parties' affairs of whatever nature.") *But see Bersch v. VanKleeck,* 112 Wis.2d 594, 334 N.W.2d 114 (1983).

■ In this case, the disposition of the parties' rights of "every kind and character which have arisen, . . . or might hereafter arise because of the marriage relationship . . . or otherwise" evidences an intent to "wipe the slate clean" between the parties. The district court was correct in concluding that Beverly had stipulated away her interest in the policy proceeds.

AFFIRMED.

All Justices concur except CARTER, SCHULTZ, and WOLLE, JJ., who dissent.

CARTER, Justice (dissenting).

I prefer to follow the principles set forth in the authorities cited in the majority opinion which require an express mention of an insurance beneficiary change in the stipulation or decree in order to make such change effective. Although the language in the present stipulation is sweeping, it is also general.

It is the decree of the court which is the final and effective word rather than the parties' stipulation. *Bamesberger v. Bamesberger,* 238 Iowa 492, 496, 28 N.W.2d 28, 31 (1947). As long as the ownership of the policy was not in issue, I do not believe that the dissolution court would have believed that the insurance beneficiary designation was among the rights and obligations which it was adjudicating. I would therefore not recognize either the stipulation or dissolution decree as operating to change the beneficiary of the policy.

SCHULTZ and WOLLE, JJ., join in this dissent.