**Marlene Marie SERRANO, Plaintiff-Appellant/Cross-Appellee,**

**v.**

**Joan HENDRICKS, Individually and as the Administrator of the Estate of Manuel R. Serrano, Deceased, Defendant-Appellee/Cross-Appellant.**

**Metropolitan Life Insurance Company, Defendant.**

**No. 85–1535.**

Court of Appeals of Iowa.

Nov. 26, 1986.

Thomas G. Schebler of Schebler & Wine, Davenport, for plaintiff-appellant/cross-appellee.

John A. Hellstrom of Carlin, Hellstrom & Bittner, Davenport, for defendant-appellee/cross-appellant.

Considered by SNELL, P.J., and SCHLEGEL and HAYDEN, JJ.

SNELL, Presiding Judge.

On February 9, 1982, a dissolution decree entered by the District Court for Scott County ended plaintiff Marlene Marie Serrano's thirty-year marriage to Manuel Raymond Serrano. Part of the district court's decree ordered Manuel to make Marlene the primary beneficiary of his $90,000 group term life insurance policy obtained through his employment. Marlene, by virtue of the dissolution decree, was to remain the primary beneficiary so long as she was entitled to support from Manuel. Manuel's support obligations are to continue until Marlene dies, remarries, or attains the age of sixty-five, whichever first occurs.

Manuel died on April 29, 1985, without having named Marlene as the beneficiary of his life insurance policy. Instead, the designated beneficiary was Joan Hendricks, Manuel's daughter and defendant in this action. None of the occurrences which are to relieve Manuel of his support obligations has come to pass. Marlene commenced this action, requesting the district court to declare that she is entitled to the proceeds. The insurance company which had issued the policy subsequently paid the proceeds to the clerk of court, was discharged from further liability by the district court, and is not a party to this appeal.

Marlene later filed a motion for summary judgment asking the court to declare her entitled to a lump sum payment of the insurance policy proceeds. In its ruling on the summary judgment motion, the district court construed the provision of the dissolution decree dealing with Manuel's insurance as merely securing Manuel's support payments to Marlene in the event his death was prior to the termination of his support obligations. Accordingly, the district court declared that Marlene is to receive $300 per month from the insurance proceeds until she dies, remarries, or attains the age of sixty-five. The balance of the funds was declared by the district court to be the property of the named beneficiary, Joan Hendricks. Marlene appeals the district court's decision and Hendricks, individually and as the administrator of Manuel's estate, cross-appeals.

Although the parties to these appeals initially disagreed on the standard of review applicable here, both now agree that where there are no factual issues in dispute

the construction of a dissolution decree is a matter of law. *Sorensen v. Nelson,* 342 N.W.2d 477, 479 (Iowa 1984). In the case of *In re Roberts Estate,* 257 Iowa 1, 131 N.W.2d 458 (1964), the court outlined our task in construction of dissolution decree cases as follows:

> "The decree should be construed in accordance with its evident intention. Indeed the determinative factor is the intention of the court as gathered from all parts of the decree. Effect is to be given to that which is clearly implied as well as to that which is expressed." [citations omitted] Of course, in determining this intent, we take the decree by its four corners and try to ascertain from it the intent as disclosed by the various provisions of the decree.

*Id.,* 257 Iowa at 6, 131 N.W.2d at 461. *See also Bowman v. Bennett,* 250 N.W.2d 47, 50 (Iowa 1977).

The district court construed the dissolution decree as providing that the proceeds from Manuel's insurance policy were to function as security for his support obligations and not as part of the property settlement. We note that the judge who so construed the decree was the same judge who entered it three years earlier. Accordingly, we give his interpretation substantial weight. *In re Estate of Cooper,* 215 N.W.2d 259, 260 (Iowa 1974).

■ Marlene contends, however, that the district court erred when it construed the decree because the language of the decree is clear and unambiguous. Consequently, Marlene contends it should be enforced according to its language without resort to judicial construction. We disagree with Marlene's contention that the language of the decree is unambiguous. An ambiguity exists when, following the application of relevant rules of interpretation to the face of an instrument, a genuine uncertainty results as to which one of two or more meanings is the proper one. *Gendler Stone Products Company v. Laub,* 179 N.W.2d 628, 631 (Iowa 1970). Although the present case did not involve interpretation of terms in the decree, we think it plain that a genuine uncertainty exists as to the meaning of the decree's insurance provisions as applied to the present situation. The resort by the district court to a construction of the decree was therefore proper. *See Allen v. Highway Equipment Company,* 239 N.W.2d 135, 139 (Iowa 1976).

■ Moreover, we agree with the district court's construction of the decree. In addition to the district court stating the intention of its earlier decree, the manifest implication of the document as a whole persuades us that the provisions dealing with Manuel's insurance proceeds were intended only to secure his support obligations. The insurance proceeds were not made a part of the property division. Marlene was entitled, by virtue of the decree, to be the beneficiary only for the duration of Manuel's support obligations. Manuel was given the option of selecting a periodic payment plan for the benefits which would correspond to Marlene's support payments. Also, the court expressly gave Manuel the sole ownership of his pension plan. For the duration of his support obligations, Manuel was to keep Marlene as a named beneficiary of the pension's death benefits "to the extent of any remaining support payments due from [Manuel] to [Marlene] *provided that such support payments are not adequately secured by life insurance covering [Manuel's] life."* (emphasis added). We conclude the district court's construction of the dissolution decree was correct.

On her cross-appeal, Hendricks contends that although the district court's construction of the dissolution decree was correct, that court erred in making its award to Marlene. This, alleges Hendricks, is because notwithstanding the decree's language Manuel did not make Marlene the beneficiary of the policy. Neither, she argues, did the decree effectuate such a change. Accordingly, she contends she is entitled to all of the proceeds by virtue of being the named beneficiary. In addition, Hendricks contends that the insurance proceeds are exempt from the district court's

ruling by virtue of Iowa Code sections 509.-2(6) (1985) and 509.12 (1985).

■ That the district court has authority to deal with the proceeds of life insurance policies in cases involving the construction of dissolution decrees notwithstanding the designation in the policy of a beneficiary is illustrated by *Sorensen v. Nelson,* 342 N.W.2d 477 (Iowa 1984). In *Sorensen,* the court construed a stipulation which had been incorporated into a dissolution decree as estopping the decedent's ex-wife from claiming the proceeds of the decedent's life insurance policy even though she was the named beneficiary. Accordingly, the court in *Sorensen* recognized the contingent beneficiary's right to the proceeds. Although the present case differs from *Sorensen* in that here we recognize, as opposed to reject, the ex-wife's rights to the proceeds, we think this distinction insignificant.

■ Nor are we persuaded by Hendricks' argument that the district court's action was in violation of Iowa Code sections 509.2(6) and 509.12. The first of these sections merely requires group life insurance policies delivered in Iowa to contain a provision designating a beneficiary. As did the district court, we find this section irrelevant to the present case. Section 509.12 is an exemption statute providing that

> [n]o policy of group insurance, nor the proceeds thereof, when payable to any person insured thereunder, or any beneficiary, shall be liable to attachment, garnishment, or other process, or to be seized, taken, appropriated, or applied by any legal or equitable process or operation of law, to pay any debt or liability of such insured person, or beneficiary, or any other person who may have a right thereunder, either before or after payment; nor shall the proceeds thereof, when not made payable to a named beneficiary, constitute a part of the estate of the person insured for the payment of the person's debts.

We have said that the exemption statutes in Iowa were enacted for the benefit of the husband, wife, and family. *In re Marriage of Schonts,* 345 N.W.2d 145, 146 (Iowa Ct.App.1983). As such,

> [i]t would be incongruous and unjust to hold that all of these exemptions from liability for ordinary debts should operate to the prejudice of the wife or children in a contest with the husband as to alimony and support money when the principal reason for the exemption was to secure these dependents.

*In re Bagnall's Guardianship,* 238 Iowa 905, 942, 29 N.W.2d 597, 615 (1947). Accordingly, we think this statute does not prohibit the course of action taken by the district court in the present case.

AFFIRMED.