N O.  94-017

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN THE MATTER OF THE ESTATE OF
GLENDON CECIL BRUCE, Deceased:

ALISON T. BRUCE, JONATHAN S.
BRUCE and ISABEL S. NOBLE,
interested parties,

Petitioners and Appellants,

v.

DONNA BRUCE, surviving spouse, and
NORWEST CAPITAL MANAGEMENT & TRUST
co., MONTANA, personal representative,

Respondents and Respondents.

FILED

JUN 3 0 1994

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eleventh Judicial District,
               In and for the County of Flathead,
               The Honorable Michael H. Keedy, Judge presiding.


COUNSEL OF RECORD:

        For Petitioners and Appellants:

            Kent P. Saxby, Warden, Christiansen, Johnson
            and Berg, Kalispell, Montana

        For Respondents and Respondents:

            Kirby S. Christian, Christian & Samson, P.C.,
            Missoula, Montana (Donna Bruce)

            Walter S. Murfitt and Dale E. Reagor, Luxan and
            Murfitt, Helena, Montana (Nor-west)

            Jeffrey Bruce  and Christian Bruce,  San  Diego,
            California (Pro Se)


                            Submitted on Briefs:  June 2, 1994

                                     Decided:  June 30, 1994

Filed:

_____
                Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

This is an appeal from an order certified pursuant to Rule 54(b), M.R.Civ.P. In that order, the District Court for the Eleventh Judicial District, Flathead County, determined that a PaineWebber individual retirement account (IRA) is part of the estate of Glendon Cecil Bruce. We reverse.

The issue is whether the court erred in ruling that the designated contingent beneficiaries of the PaineWebber IRA, Alison Bruce and Jonathan Bruce, are not entitled to the proceeds of the IRA.

In 1986, Glendon Cecil Bruce established a PaineWebber IRA account. He named his wife, Isabel, as the primary beneficiary of the account, and their children, appellants Alison Bruce and Jonathan Bruce, as contingent beneficiaries. The Custodial Agreement for the IRA account provided, at paragraph 5.5:

> The term "Beneficiary" means the person or persons designated as such . . . on a form acceptable to the Custodian . . . . The form may name persons or estates to take upon the contingency of survival. However, if no such designation on such a form effectively disposes of the IRA as of the time such distribution is to commence, the term "Beneficiary" shall mean the designating person's estate.

In 1988, the marriage of Glendon and Isabel was dissolved. They entered a property settlement agreement which provided:

> Husband has two Individual Retirement Accounts (IRAs) with Paine Webber [sic] (in the approximate amount of $360,000.00) and with Fidelity Funds (in the approximate amount of $15,000.00), which IRAs shall remain the sole and separate property of Husband.

The agreement also contained a comprehensive mutual release of claims, which provided in part as follows:

2

> [E]ach party hereto releases and forever discharges the
> other party, his or her personal representatives and
> assigns from any and all rights, claims, demands and
> obligations except as herein specifically provided. Each
> party is forever barred from having or asserting any such
> right, claim, demand or obligation at any time hereafter
> for any purpose . . . . .

Glendon later married respondent Donna Bruce and was married to her at the time of his death in February 1992. Despite the dissolution of his marriage to Isabel and his remarriage to Donna, he had never changed the named beneficiaries of his PaineWebber IRA.

After Glendon died, Isabel filed with the District Court a renunciation and disclaimer pursuant to § 72-2-101, MCA (1991), renouncing her interest in the PaineWebber IRA as the named primary beneficiary. Both the contingent beneficiaries (Glendon's children Alison and Jonathan) and the personal representative of Glendon's estate, Norwest Capital Management & Trust Co., have asserted claims to the proceeds of the PaineWebber IRA.

The District Court ruled that the 1988 property settlement agreement constituted an affirmative act evidencing Glendon's intent that Isabel not receive the IRA. It ruled that Isabel lost the ability to renounce her interest in the account when she entered the property settlement agreement, pursuant to § 72-2-101, MCA (1991). It then concluded that neither Isabel nor the contingent beneficiaries are entitled to the account.

Did the court err in ruling that the designated contingent beneficiaries of the **PaineWebber IRA,** Alison Bruce and Jonathan Bruce, are not entitled to the proceeds of the IRA?

Section 72-2-101, MCA **(1991),** provides:

> (1) A person . . . who is [a] . . . beneficiary under a . . . nontestamentary instrument . . . may renounce, in whole or in part, the right of succession to any property or interest therein . . . by filing a written renunciation under this section. . . .
>
> . . . .
>
> (4) Unless the transferor of the interest has otherwise provided, the property or interest renounced devolves as though the person renouncing had predeceased the decedent . . . .
>
> (5)**(a)** The right to renounce property or an interest therein is barred by:
>
> **(i)** an assignment, conveyance, encumbrance, pledge, or transfer of property or interest . . . .

In the opinion of the District Court, the 1988 property settlement agreement constituted an assignment under subsection (5)**(a)(i)** above, and Isabel was thereafter barred from exercising a right to renounce. The respondents argue that the contingent beneficiaries are not entitled to the IRA because Isabel did not predecease them. They argue that there exists no effective designation of a beneficiary of the IRA, and therefore, under the terms of the Custodial Agreement, the estate is the beneficiary.

In **Sowell** v. Teachers' Retirement System **(1984),** 214 Mont. zoo, 693 **P.2d** 1222, this Court ruled that a marital property settlement agreement did not operate as a relinquishment of a right to be designated as the beneficiary of a retirement account. The Court stated:

4

> [t]he property settlement agreement does not specifically refer to Carolyn's designation as beneficiary, but rather, relinquishes Carolyn's rights of **"dower,** support, maintenance, succession, homestead, inheritance, or **heirship"** and her right to **"all** property, both real and personal which the other party now has or may hereafter acquire." This language does not specifically cover Carolyn's inchoate right to acquire property upon the happening of a future event.

Sowell, 693 P.2d at 1224.

The respondents rely upon **Soha** v. West **(1981),** 196 Mont. 95, 637 P.2d 1185. In that case, this Court held that a property settlement agreement created a question of fact as to decedent's intent concerning a previously-executed designation in a life insurance policy which named the ex-spouse as the beneficiary. That holding, however, was specifically overruled in Eschler v. Eschler **(1993),** 257 Mont. 360, 849 P.2d 196. In Eschler, we quoted the following language with approval:

> [W]hile a settlement agreement may require the beneficiary wife to surrender or **"turn over"** the policy to the insured, that fact alone does not destroy her right as beneficiary where the insured thereafter did not change her designation as beneficiary.
>
> Whether a property settlement agreement should be deemed to bar the divorced wife is a question of the construction of the agreement itself. Where there is no provision that the effecting of the settlement agreement should deprive her of her rights as named beneficiary and she in fact remains named as beneficiary, the settlement agreement will not be given a broader scope than its express terms specify and she will not be barred from her right as the named beneficiary.

Eschler, 849 P.2d at 201; quoting Girard v. **Pardun** (S.D. **1982),** 318 N.W.2d 137, 138-39 (emphasis in original).

The respondents argue that neither **Sowell** nor Eschler applies here, because, unlike the retirement account and life insurance

5

policy involved in those cases, the PaineWebber IRA was specifically awarded to **Glendon** in the property settlement agreement. However, the property settlement agreement did not refer to Isabel's interest as a beneficiary of the PaineWebber IRA, but only referred to the account in general. Under the language and logic of **Sowell** and **Eschler,** when she entered the property settlement agreement, Isabel relinquished any immediate ownership interest in the IRA by virtue of her marital interest therein. She did not, however, relinquish her right as a named beneficiary of the **IRA.**

After the dissolution of the marriage of **Glendon** and Isabel, and until the time of his death, **Glendon** retained complete control over who was named as the beneficiary of the **IRA.** The personal representative states that it is difficult to speculate on **Glendon's** intent as to who should be the beneficiary of the **IRA.** However, it is not necessary to speculate, because **Glendon** specifically named a beneficiary and two contingent beneficiaries. He, at any **time** before his demise, possessed the power to change any beneficiary named in the **IRA;** either intentionally or inadvertently, he did not change the beneficiaries.

We hold that the property settlement agreement did not constitute a relinquishment of Isabel's inchoate interest in the PaineWebber IRA as a beneficiary. Pursuant to § 72-2-101(4), MCA (1991), her renunciation of that right after Glendon's death operated as if she had predeceased him and brought into effect the provision of the Custodial Agreementthatthe contingent beneficiaries "take upon the contingency of survival." The right to the

6

PaineWebber IRA then vested in Alison Bruce and Jonathan Bruce, the contingent beneficiaries.

Reversed and remanded for further proceedings consistent with this Opinion.

/s/ J. A. Turnage
_____
Chief Justice

We concur:

/s/ Karla M. Gray
_____

/s/ William E. Hunt
_____

/s/ [signature]
_____

/s/ [signature]
_____
Justices

June 30, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Kent P. Saxby
WARDEN, CHRISTIANSEN, JOHNSON & BERG
P. 0. Box 3038
Kalispell, MT 59903-3038

Kirby S. Christian
CHRISTIAN & SAMSON, P.C.
P. 0. Box 8479
Missoula, MT 59807

Walter S. Murfitt & Dale E. Reagor
LUXAN & MURFITT
P. 0. Box 1144
Helena, MT 59624

Jeffrey Bruce
7096 Park Mesa Way, #58
San Diego, CA 92111


Christian Bruce
262 Lausanna Drive
San Diego, CA 92114

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
   Deputy