In the Matter of the ESTATE OF Dwight BICKFORD, Deceased.

Judy K. WOODS, Administrator of the Estate of Dwight Bickford, Appellant,

v.

ALUMINUM COMPANY OF AMERICA a/k/a Alcoa, Metropolitan Life Insurance Company a/k/a Metlife, and Sonia K. Kruse f/k/a Sonia K. Bickford, Appellees.

No. 95–446.

Supreme Court of Iowa.

June 19, 1996.

Bradley Norton and Brian T. Fairfield of Norton & Norton, Lowden, for appellant.

Jeffrey Reed of LeBoeuf, Lamb, Green & MacRae, Pittsburgh, Pennsylvania, and William C. Davidson of Lane & Waterman, Davenport, for appellee Aluminum Company of America a/k/a ALCOA.

Mark J. Smith of Wells, Bowman & Smith, Davenport, for appellee Metropolitan Life Insurance.

Allan Hartsock of Winstein, Kavensky & Wallace, Rock Island, Illinois, for appellee Sonia Kruse.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and ANDREASEN, JJ.

LARSON, Justice.

This is a declaratory judgment action to determine who is entitled to the proceeds of two life insurance policies—the named beneficiary who had been divorced from the decedent or the decedent's estate. The district court ruled that the named beneficiary was entitled to the proceeds notwithstanding the *intervening divorce, and we affirm.*

Dwight Bickford began working for Aluminum Company of America in 1966. As a part of the employer's benefits plan, one life insurance policy was provided by the employer, who paid the premiums. A second policy was acquired by Bickford as an optional insurance plan, which was purchased through payroll deductions. In 1968 Bickford married Sonia, who is now known as Sonia Kruse, one of the defendants, and named her as the beneficiary under his policies.

In 1975 a dissolution decree was entered providing that "the marriage of the parties is dissolved and the petitioner and respondent are hereby restored to all rights and privileges of unmarried persons." According to the decree, each of the parties was awarded personal property, but there was no specific provision regarding either party's life insurance policies.

Bickford died in 1993 without changing his beneficiary designations. The administrator of his estate petitioned for a declaratory judgment, asking that the insurance proceeds be paid to the estate rather than Sonia because the dissolution decree terminated any interest she had in the life insurance policies. Sonia and Metropolitan Life (collectively Sonia) moved for summary judgment, contending that state law does not govern the issue of entitlement to the insurance proceeds because the distribution of the proceeds was a question to be determined under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. ch. 18.

ERISA governs "employee benefit plans." *See* 29 U.S.C. § 1003(a) (1988). An "employee benefit plan" is either an "employee welfare benefit plan," an "employee pension benefit plan," or a plan that is both an employee welfare and pension plan. 29 U.S.C. § 1002(3) (1988). An "employee welfare benefit plan" is defined as:

> any plan, fund, or program ... established or maintained by an employer ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, ... benefits in the event of sickness, accident, ... [or] death....

This definition has been broken down into five elements: (1) a "plan, fund, or program" (2) established or maintained (3) by an employer (4) for the purpose of providing accident or death benefits (5) to participants and their beneficiaries. *See Donovan v. Dillingham,* 688 F.2d 1367, 1371 (11th Cir.1982) (en banc); *see also Kanne v. Connecticut Gen. Life Ins. Co.,* 867 F.2d 489, 491–92 (9th Cir. 1988) (incorporating the *Donovan* analysis).

■ The existence of an ERISA plan is a question of fact to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person. *Kanne,* 867 F.2d at 492. The district court found that it was undisputed that Dwight had life insurance provided under two group policies purchased by the employer. As a result, it found the third, fourth, and fifth elements satisfied and concentrated its analysis on the first and second requirements. It found that both life insurance policies were a "plan, fund, or program" that was "established or maintained" by the employer. (App. 54–58).

■ ERISA supersedes "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan covered by ERISA." *See* 29 U.S.C. § 1144(a). The Supreme Court has broadly defined the term "relate to." *See Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 138, 111 S.Ct. 478, 482, 112 L.Ed.2d 474, 483 (1990); *FMC Corp. v. Holliday,* 498 U.S. 52, 58, 111 S.Ct. 403, 407, 112 L.Ed.2d 356, 364 (1990); *see also New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* —— U.S. ——, ——, 115 S.Ct. 1671, 1677, 131 L.Ed.2d 695, 705 (1995) (noting the problem in defining the limits of "relate to"). "A law relates to an employee benefit plan if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490, 500–501 (1983); *see New York Blue Cross & Blue Shield,* —— U.S. at ——, 115 S.Ct. at 1677, 131 L.Ed.2d at 705; *Ingersoll–Rand Co.,* 498 U.S. at 139, 111 S.Ct. at 483, 112 L.Ed.2d at 484; *FMC Corp.,* 498 U.S. at 58, 111 S.Ct. at 407, 112 L.Ed.2d at 364; *Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 8, 107 S.Ct. 2211, 2215, 96 L.Ed.2d 1, 9 (1987).

ERISA has been found to preempt state laws even if they are not specifically intended to regulate ERISA-covered plans. *Ingersoll–Rand Co.,* 498 U.S. at 139, 111 S.Ct. at 483, 112 L.Ed.2d at 484.

■ Sonia argues that ERISA preempts state law in this case, and under federal *common* law (because ERISA itself does not provide for disposition of insurance proceeds in a divorce situation), the proceeds must be paid to her as the named beneficiary.

The estate counters that ERISA does not preempt state law because it is silent on the specific issue of whether a divorce will terminate the rights of an insurance beneficiary and, further, that even under federal common law a dissolution decree may effectively terminate the interests of a divorced beneficiary. *See, e.g., Fox Valley & Vicinity Constr. Workers Pension Fund v. Brown,* 897 F.2d 275, 281–82 (7th Cir.1990) (finding waiver of beneficiary interest through dissolution proceeding).

■ We believe that, even if we were to adopt the estate's argument that ERISA does not preempt state law on this issue, it cannot prevail. Under our cases, a dissolution decree does not automatically terminate the interests of a life insurance beneficiary. *See Sorensen v. Nelson,* 342 N.W.2d 477, 479 (Iowa 1984) ("It is a well-established rule that divorce or dissolution per se does not void the designation of a named spouse on a life insurance policy."); *Lynch v. Bogenrief,* 237 N.W.2d 793, 797 (Iowa 1976); *see also* 44 Am.Jur.2d *Insurance* § 1714, at 697–98 (1982).

In *Sorensen,* we concluded that the general rule did not apply under the facts of that case and held that the dissolution decree terminated the interests of a named beneficiary. We did so because of the broad language of the parties' stipulation and the decree that incorporated it. The stipulation stated:

> [T]he parties' desire to make a full, complete and final and permanent settlement of all of their property rights and interests of any and all claims of any and every kind and character which have arisen, which now exist, or might hereafter arise because

of the marriage relationship of the parties *or otherwise.*

*Sorensen,* 342 N.W.2d at 478 (emphasis added). The stipulation further provided that it was the intent of the parties that the stipulation

> shall fix and determine all rights and obligations between [the parties], both parties waive and agree to indemnify the other party from any claims or obligations which may otherwise arise.

*Id.* at 479.

In *Fox Valley,* which held under federal common law that a divorce decree may effectively waive the rights of a named beneficiary, the parties stipulated even more broadly than they did in *Sorensen.* The stipulation in *Fox Valley* stated:

> The parties each waive any interest or claim in and to any retirement, pension, profit-sharing and/or annuity plans resulting from the employment of the other party.

897 F.2d at 277.

In the present case, there is *no such* language in the court's decree, and the parties apparently did not enter into a stipulation. The decree simply restored the parties to their conditions predating the marriage, without mentioning the insurance policies or including any language that could be interpreted to include them.

We conclude that, even if ERISA were not deemed to be preemptive, the dissolution of marriage did not terminate Sonia's interest as the named beneficiary.

**AFFIRMED.**