**Beverley A. SCHULTZ, Individually and as Executor of the Estate of Daniel Charles SCHULTZ, Appellants,**

v.

**Paula S. SCHULTZ, Appellee.**

No. 97–1391.

Supreme Court of Iowa.

March 24, 1999.

Lee M. Walker of Walker, Knopf & Billingsley, Newton, for appellants.

Dennis F. Chalupa and T.J. Rekemeyer of Brierly Law Office, Newton, for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, SNELL, TERNUS, and CADY, JJ.

TERNUS, Justice.

This case involves a dispute between a decedent's widow and ex-wife over the proceeds of the decedent's retirement account. The trial court found no basis to void the decedent's designation of his former spouse as the beneficiary of this account, nor do we. Therefore, we affirm.

I. The facts of this case are undisputed. The decedent, Daniel Schultz, and the appellee, Paula Schultz, were married in 1970. In 1983, Daniel listed Paula as the beneficiary on his individual retirement account (IRA). Subsequently, in 1988, the couple's marriage was dissolved. In the dissolution decree, Daniel was awarded the IRA as part of the court's division of the parties' property.

In 1990, Daniel married the appellant, Beverley Schultz. Five years later, Daniel died. Daniel had not changed the beneficiary designation on his IRA. Therefore, the proceeds of this account were paid to Paula as Daniel's designated beneficiary.

Beverley was named the executor of Daniel's estate. She filed this equity action individually and on behalf of the estate seeking a declaratory judgment that the plaintiffs were entitled to the proceeds of the retirement account because the dissolution decree had extinguished Paula's rights as a beneficiary. Beverley sought to recover the proceeds of the IRA from Paula on the theory that Paula had been unjustly enriched by receiving benefits to which she was not legally entitled.

After a bench trial, the district court held that the dissolution decree did not address Paula's status as a beneficiary of Daniel's IRA, and therefore, did not terminate her expectancy interest in the account. Finding no basis in the evidence to void Daniel's beneficiary designation, the court denied the plaintiffs' request for damages and declaratory relief.

Beverley and the estate appealed. We review the ruling in this equity action de novo. *See Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996); Iowa R.App. P. 4.

II. The decedent had a written contract with the administrator of his retirement account that, in the event of his death, his account would be paid to Paula S. Schultz. *Cf. In re Estate of Sheimo*, 261 Iowa 775, 783, 156 N.W.2d 681, 685 (1968) (holding that designation of beneficiary made by owner of bank certificates of deposit constituted a contract with the bank); *Prudential Ins. Co. v. Green*, 231 Iowa 1371, 1374, 2 N.W.2d 765, 766–67 (1942) ("Life insurance, of course, is ordinarily a contract whereby, for a specified premium to be paid in various ways, the insurance company agrees to pay a stated sum to designated beneficiaries in the event of death of the insured while the contract is in force."). The plaintiffs seek to alter this contractual obligation on the theory that the dissolution decree terminated any expectancy interest Paula had in Daniel's IRA.

We note initially that Iowa follows the majority rule that "divorce or dissolution per se does not void the designation of a named spouse on a life insurance policy." *Sorensen v. Nelson*, 342 N.W.2d 477, 479 (Iowa 1984). Beverley asserts that the rule should be different for retirement accounts because a retirement account has value during a decedent's lifetime whereas a life insurance policy generally has little value until the decedent's death. We do not think this distinction has any relevance, however, to the validity of a beneficiary designation, whether made with respect to a retirement account or an insurance policy. Therefore, we join other jurisdictions that apply the same rules to situations involving either the payment of life insurance proceeds or the payment of a retirement account to a decedent's former spouse. *See Johnson v. Johnson*, 113 Idaho 602, 746 P.2d 1061, 1062 (Ct.App.1987) (holding characterization of IRA is not important; issue is whether ex-spouse "waived any rights as a beneficiary during the divorce proceedings"); *Graves v. Summit Bank*, 541 N.E.2d 974, 977 (Ind.Ct.App.1989) (stating that mere fact life insurance policies have no cash value as compared to retirement ac-

counts does not justify applying different rules to these two assets); *see also Estate of Bowden v. Aldridge,* 595 A.2d 396, 397 (D.C. 1991) (applying life insurance case law to retirement account dispute); *Estate of Anello v. McQueen,* 953 P.2d 1143, 1145 (Utah 1998) (same).

Accordingly, we start with a brief review of the Iowa cases wherein we have determined the effect of a dissolution on a former spouse's right to recover the proceeds of the decedent's life insurance policy as the designated beneficiary. In *Lynch v. Bogenrief,* 237 N.W.2d 793 (Iowa 1976), we held that a spouse named as a beneficiary maintains that status even though subsequently divorced from the insured. 237 N.W.2d at 797. The divorce decree in *Lynch* made no mention of the death benefits payable by virtue of the decedent's employment. *Id.* at 798. It merely provided that each party was to "have the title to and possession of their own personal belongings." *Id.* We concluded the decree did not control the contingent interest of the ex-spouse in her former husband's death benefits. *Id.* Therefore, we gave effect to the decedent's designation of his ex-wife as the beneficiary of these benefits, despite testimony that the decedent disliked his former spouse and thought his death benefits would go to his second wife and minor children. *Id.* at 799.

In *Sorensen,* we noted the same general rule that a dissolution does not automatically void a beneficiary designation naming the former spouse. 342 N.W.2d at 479. We also observed, however, that a provision in a dissolution decree disposing of the policy proceeds would be given effect. *Id.* The dissolution decree at issue in *Sorensen* incorporated the parties' stipulation. *Id.* at 478. The stipulation included a provision in which both parties "relinquish[ed] all rights *of any kind* not expressly provided for in this Agreement." *Id.* at 478–79 (emphasis in original). We held that this language evidenced the parties' intent to "wipe the slate clean," including voiding the designation of the former spouse as the beneficiary on the decedent's life insurance policy. *Id.* at 481.

More recently, we again considered whether a former spouse should receive the proceeds of two insurance policies on her exhusband's life in accordance with a pre-dissolution beneficiary designation. *In re Estate of Bickford,* 549 N.W.2d 804, 805 (Iowa 1996). In *Bickford,* the dissolution decree awarded both parties their personal property, but made no specific mention of either party's life insurance policies. *Id.* We held the decree did not terminate the former spouse's interest as the named beneficiary. *Id.* at 807.

These cases demonstrate that the focus of any inquiry is on the language of the dissolution decree and of any stipulation or settlement agreement governing the parties' property rights. We examine these documents to determine whether the dissolution court disposed of the parties' contingent interests or whether the parties waived such interests as part of the dissolution of their marriage.

III. Here, the dissolution court divided Daniel and Paula's property in the decree; the record does not contain any stipulation or settlement agreement governing the distribution of their property. Therefore, the issue in this case is not whether Paula waived or relinquished her beneficiary interest in Daniel's IRA; the issue is whether the court disposed of this interest in the dissolution decree.

The dissolution decree at issue in the present case differs from those considered in our prior cases. Here, unlike the decrees in *Lynch* and *Bickford,* the decree specifically addressed Daniel's IRA, awarding it to him. On the other hand, the decree incorporated no all-encompassing waiver language like that found in the *Sorensen* stipulation. Consequently, the narrow issue to be decided in this case is whether the award of an IRA to one spouse terminates the other spouse's expectancy interest as the designated beneficiary of that asset.

Several courts considering this issue have held that a dissolution court's division of the parties' property does not, by itself, affect a beneficiary interest; some additional language addressing this expectancy interest is required or the beneficiary spouse must have

waived this interest as part of a stipulation or settlement. *Compare Christensen v. Sabad*, 773 P.2d 538, 540 (Colo.1989) (en banc) (holding award of life insurance policy to decedent husband in dissolution proceeding did not extinguish ex-wife's expectancy as a beneficiary of the policy); *In re Estate of Schleis*, 97 N.M. 561, 642 P.2d 164, 165 (1982) (holding "divorce decree granting the insured spouse ownership of [life insurance] policies does not, by itself, sever the beneficiary interest of former spouse"); *Lewis v. Lewis*, 693 S.W.2d 672, 674 (Tex.App.1985) (holding designation of wife as beneficiary not affected by divorce decree granting husband "any and all policies of life insurance"); *Bersch v. VanKleeck*, 112 Wis.2d 594, 334 N.W.2d 114, 117 (1983) (holding divorce decree awarding insurance policies to husband dealt with ownership interest only and did not affect ex-wife's beneficiary interest), *with Brewer v. Brewer*, 239 Ark. 614, 390 S.W.2d 630, 630–31 (1965) (holding that property settlement agreement, incorporated into decree, stating wife "transferred and released *all her interest*" in insurance policies divested wife of her beneficiary interest (emphasis added)); *Kruse v. Todd*, 260 Ga. 63, 389 S.E.2d 488, 493 (1990) (holding ex-wife relinquished her beneficiary interest in husband's IRA in dissolution settlement agreement in which she agreed that IRA was husband's sole property and that she should "have no interest therein"); *Von Haden v. Supervised Estate of Von Haden*, 699 N.E.2d 301, 305–06 (Ind.Ct.App. 1998) (holding wife waived her beneficiary interest in husband's retirement account when she agreed in dissolution action to release "all claims and right which [she] ever had, now has, or might have, against [her ex-husband] by reason of their former relationship as husband and wife, or otherwise"); *Western & So. Life Ins. Co. v. Hague*, 140 N.E.2d 89, 91 (Ohio 1956) (holding wife had relinquished her right to policy proceeds where she "waived all right and interest" in any property owned by her husband). *But see Graves*, 541 N.E.2d at 978–79 (holding that property agreement incorporated into dissolution decree did not affect wife's beneficiary interest in IRA even though IRA was awarded to husband, and wife agreed to relinquish "all claims to any property awarded"

to the decedent because wife's waiver of rights did not specifically mention her beneficiary interest).

Two cases in particular are factually on point. *See Walden v. Walden*, 686 So.2d 345 (Ala.Civ.App.1996); *In re Estate of Bruce*, 265 Mont. 431, 877 P.2d 999 (1994). In both cases, the respective dissolution decrees dividing the marital property awarded the husband an IRA. *Walden*, 686 So.2d at 345–46; *Bruce*, 877 P.2d at 1000. Holding that the scope of the decrees was limited to present ownership and not the expectancy the wife may have in her ex-spouse's IRA, both the Alabama and Montana courts concluded that the dissolution had no legal effect upon the designation of the ex-wife as beneficiary. *Walden*, 686 So.2d at 346; *Bruce*, 877 P.2d at 1002; *accord Estate of Bowden*, 595 A.2d at 398 (holding that award of IRAs in property division upon divorce focused only on ownership rights, and "did not include a waiver of any contractual expectancy interests").

We reach the same conclusion here. The dissolution decree awarding Daniel his IRA dealt only with present ownership of that fund. There is no language in the decree indicating the court intended to affect Paula's expectancy interest as a beneficiary of this account. *See generally In re Roberts' Estate*, 257 Iowa 1, 6, 131 N.W.2d 458, 461 (1964) (holding a divorce decree "should be construed in accordance with [the] evident intention" of the court). In this respect, this case is akin to *Lynch*, where the dissolution decree did no more than award each party a portion of their personal property, and therefore had no effect on the ex-wife's beneficiary interest.

We hold that the dissolution decree at issue here did not divest Paula of any interest she might have as the designated beneficiary of Daniel's IRA. Therefore, the written contract between Daniel and the plan administrator controls. The trial court correctly ruled that Paula was entitled to the IRA funds.

**AFFIRMED.**